The STATE of Ohio, Appellant,

v.

FILLER, Appellee.

[Cite as *State v. Filler* (1995), 106 Ohio App.3d 731.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2442–M.

Decided Oct. 11, 1995.

---

8. See *Rock v. Pickleman* (1991), 214 Ill.App.3d 368, 158 Ill.Dec. 569, 574 N.E.2d 682, and *Wright v. Schulte* (Fla.App.1983), 441 So.2d 660.

*John J. Lohn,* Medina Prosecutor, for appellant.

*Marco, Marco & Bailey* and *Daniel J. Marco,* for appellee.

REECE, Judge.

Plaintiff-appellant, city of Medina, appeals the decision of the Medina Municipal Court granting defendant-appellee's motion to suppress evidence obtained by Medina Township and city of Medina police officers. We reverse and remand.

On April 23, 1994, two Medina Township officers observed defendant-appellee, Samuel S. Filler, operating a motor vehicle within the city of Medina in an erratic manner, committing numerous traffic violations. Specifically, Filler's vehicle failed to yield to the township cruiser's right of way, and the township officers observed Filler weaving, driving left of center, and making a wide right turn.

The township officers stopped Filler and immediately contacted the city of Medina Police Department for back-up. Upon arrival, Officer Thomas Carrel,

the Medina police officer dispatched to the scene, observed Filler behind the wheel of his vehicle. Officer Carrel also observed the two township officers outside their cruiser along with a rescue squad vehicle that was called to the scene.

Before approaching Filler, Officer Carrel was briefed by the township officers as to their reasons for the traffic stop. Upon speaking with Filler, Officer Carrel testified he noticed an odor of alcohol. Officer Carrel testified Filler then told him that he had consumed approximately three beers. After performing a number of standard field sobriety tests, and based on what the township officers told him, Officer Carrel determined Filler was under the influence of alcohol. Filler was consequently arrested by Officer Carrel for operating a motor vehicle while under the influence of alcohol.

Prior to trial, Filler moved the trial court to suppress evidence obtained after he was stopped. He argued that probable cause did not exist for the initial stop. Filler also moved the trial court to dismiss the charges against him because the township officers were without jurisdiction to effectuate the traffic stop. The trial court treated the motion as a motion to suppress. The trial court found that the traffic stop by the township officers was unlawful because they violated R.C. 2935.03, and because none of the exceptions in R.C. 2935.03(D) were applicable.[1] Thus, the trial court granted Filler's motion to suppress the evidence obtained by the township officers as a result of his initial detention, as well as all evidence obtained by the city of Medina police officer. The city of Medina appeals.

In its single assignment of error, the city of Medina argues that the evidence obtained by both city and township officers was improperly suppressed because the extraterritorial traffic stop did not rise to the level of a constitutional violation. The officers' conduct did not, therefore, invoke the exclusionary rule. We agree.

In order to invoke the exclusionary rule, the police conduct ordinarily must rise to the level of a constitutional violation. *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 235, 18 O.O.3d 435, 437–438, 416 N.E.2d 598, 600; *Stow v. Riggenbach* (1994), 97 Ohio App.3d 661, 663, 647 N.E.2d 246, 247–248; *Barberton v. Smith* (Feb. 10, 1988), Summit App. No. 13272, unreported, 1988 WL 17795. This court has repeatedly held that a violation of R.C. 2935.03(D) does not rise to the level of a constitutional violation. See *Stow, supra; State v. Batten* (Nov. 10,

---

1. The city of Medina stipulates in its brief that none of the R.C. 2935.03(D) exceptions apply to the Township officers' conduct.

1993), Summit App. No. 16279, unreported, at 5, 1993 WL 473814; *State v. Szor* (Dec. 26, 1990), Wayne App. No. 2581, unreported, at 4–5, 1990 WL 235962. In the present case we are not confronted with a question of constitutional magnitude.

"Probable cause exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man in believing that an offense was committed." *Barberton v. Smith* (Feb. 10, 1988), Summit App. No. 13272, unreported, at 3, 1988 WL 17795, citing *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225–226, 13 L.Ed.2d 142, 145. At the trial court hearing, evidence was presented which would warrant a prudent officer to believe an offense had been committed. The township officers did observe Filler driving his vehicle in an erratic manner and violating traffic laws designed to promote safety. In the spirit of safety, Filler was stopped by the township officers and detained until the city of Medina police could arrive. There was no constitutional violation because reasonable suspicion existed to make the initial stop and there was probable cause for Filler's arrest. Therefore, based on this court's previous holdings in *Riggenbach, Batten,* and *Szor, supra,* the evidence should not have been suppressed by the trial court because the township officers' initiation of the stop outside of their jurisdiction did not rise to the level of a constitutional violation.

In his brief urging this court to affirm the trial court's suppression of evidence, Filler attempts to distinguish his case from our previous cases. However, this court is not persuaded by Filler's arguments and sees no reason why we should deviate from our rather clear interpretation of the law regarding the above issues.

Filler argues that *Hollen* should not apply because it involved the application of the "hot pursuit" doctrine, which is not present in this case. Yet, an examination of *Hollen* reveals the case is applicable. In reversing the appellate court's suppression of evidence, the Ohio Supreme Court first found that "the defendant's warrantless arrest * * * was not authorized." *Hollen,* 64 Ohio St.2d at 234, 18 O.O.3d at 436–437, 416 N.E.2d at 600. In deciding whether the exclusionary rule applied, the court stated that it "will not ordinarily be applied to evidence which is the product of police conduct violative of state law but not violative of constitutional rights." *Id.* at 235, 18 O.O.3d at 437, 416 N.E.2d at 600. The court concluded that the evidence obtained by the defendant's arrest, "based on probable cause but unauthorized under existing state law, [is] not suppressible solely because of the fact of the arrest in Dayton by a Kettering police officer." *Id.* In light of the above, *Hollen* applies despite the absence of hot pursuit.

Other jurisdictions support the above analysis. In *State v. Tennison* (Apr. 14, 1989), Wood App. No. WD–88–41, unreported, 1989 WL 35534, a Bowling Green police officer observed a vehicle speeding and driving recklessly. The observation was made outside the city limits of Bowling Green, and therefore outside the officer's jurisdiction. Upon making an investigative stop, the officer determined the driver of the vehicle was under the influence of alcohol. The officer then radioed for assistance from the Ohio State Patrol. An Ohio state trooper arrived, administered field sobriety tests and a breath test, and determined the driver was operating the vehicle under the influence of alcohol. The driver moved the trial court to suppress the evidence based on the initial officer's lack of jurisdiction. In affirming the trial court's denial of the driver's motion to suppress, the appellate court refused to apply the exclusionary rule. *Id.* at 4. The court stated:

"This court extends *Hollen* in holding that the exclusionary rule is inapplicable where a police officer, outside his or her jurisdiction, observes the commission of numerous misdemeanors by the driver of a motor vehicle who is obviously endangering the lives of others and, subsequently, makes an unauthorized extraterritorial arrest." *Id.* See, also, *State v. Cunningham* (Feb. 14, 1992), Marion App. No. 9–91–32, unreported, 1992 WL 29257.

We therefore hold that the suppression of evidence by the trial court was improper. Appellant's assignment of error is sustained. The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and QUILLIN, J., concur.