DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Vanessa Bagueros appeals from her conviction in the Akron Municipal Court. We affirm.
On May 7, 1998, at approximately 3:30 a.m., Officer Sherry Lynn Iversen of the University of Akron Police Department was on patrol when she received a radio dispatch call that a woman in a black Jeep Wrangler had driven by a fraternity house on Spicer Street in Akron, Ohio, and shouted obscenities. The report indicated that the woman may have been intoxicated. It was also brought to Officer Iversen's attention that the driver of the vehicle may have been under a license suspension. Officer Iversen proceeded to Spicer Street but did not see the vehicle in question. She then proceeded to Exchange Street, where shortly she saw the black Jeep Wrangler that had been reported, driving in the opposite direction. Officer Iversen turned her police cruiser around and observed that the vehicle had entered the drive-through lane of a Taco Bell restaurant. She then followed the vehicle to Taco Bell and exited her vehicle.
Officer Iversen approached the vehicle while it was stopped at the menu/intercom used for ordering food in the drive-through. She asked the driver, Bagueros, for her driver's license, and Bagueros indicated that she did not have one. Bagueros' license had in fact been suspended, and she was unable to produce any proof that she had occupational driving privileges. Officer Iversen noticed that Bagueros' breath strongly smelled of alcohol and that she exhibited other signs of intoxication: slurred speech, glassy and red eyes, and slow physical movement.
Officer Iversen then had another officer perform a sobriety test on Bagueros. Based on the results of that test, she had Bagueros exit her vehicle. As she exited, Bagueros stumbled and almost fell. Bagueros was placed under arrest and taken to the Akron Police Department.
Bagueros was charged with one count of driving under the influence of alcohol, in violation of Akron City Code 73.01(A)(1), and driving under a suspended license, in violation of Akron City Code 71.07(C). Bagueros pleaded not guilty to the charges and moved to suppress any evidence obtained that night. A hearing was held on the motion on June 24, 1998. After hearing the testimony of Officer Iversen, the trial court denied the motion. The motion was supplemented after the hearing, and the supplemental motion was also denied. Thereafter, Bagueros pleaded no contest to the charges. The trial court found her guilty and sentenced her accordingly. This appeal followed.
Bagueros asserts one assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.
Bagueros presents three issues for our review. First, she argues that Officer Iversen did not have a reasonable suspicion of criminal activity to justify the initial stop. Second, Bagueros contends that the officers did not have probable cause to arrest her for driving under the influence of alcohol. And third, she argues that her arrest was unlawful because the officers arrested her outside of the jurisdiction of the University of Akron. We will address each argument in turn.
 Reasonable Suspicion to Justify Stop
"Before stopping a vehicle, a law enforcement officer must have reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity. A reasonable suspicion is something less than probable cause." State v. Trbovich (July 3, 1996), Summit App. No. 17613, unreported, at 3. (Citations omitted.) Our inquiry on appeal was enunciated by the United States Supreme Court: "[D]eterminations of reasonable suspicion * * * should be reviewed de novo on appeal. * * * [A] reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States (1996),517 U.S. 690, 699, 134 L.Ed.2d 911, 920.
Bagueros argues that Officer Iversen lacked a reasonable suspicion of criminal activity because she did not witness the incident at the fraternity house and because she did not personally observe any signs of intoxication prior to approaching the vehicle. "However, an officer's reasonable suspicion need not be based solely upon the officers [sic] personal knowledge."State v. Greel (Nov. 26, 1986), Wayne App. No. 2183, unreported, at 3. "This court has previously determined a police radio broadcast may provide the sole, articulable fact underlying an officer's reasonable suspicion[.]" State v. Craft (Dec. 18, 1996), Wayne App. No. 96CA0027, unreported, at 4. See, also,State v. Good (1987), 37 Ohio App.3d 174, 174-75; Greel, supra. In the case at bar, Officer Iversen could properly rely on the information provided by the dispatcher that a black Jeep Wrangler was involved in an incident and that the driver may have been intoxicated. We conclude that Officer Iversen had a reasonable and articulable suspicion that criminal activity was taking place, justifying the initial stop.
 Probable Cause for Arrest
A police officer must have probable cause to arrest someone in a public place without a warrant. State v. Marlow (Feb. 28, 1996), Summit App. No. 17400, unreported, at 4. In the situation presented by the case at bar, probable cause exists if, under the totality of the circumstances, Officer Iversen had reasonable grounds to believe that Bagueros was operating a motor vehicle while under the influence of alcohol. See Akron v. Kirby (1996),113 Ohio App.3d 452, 464.
The record demonstrates that Officer Iversen did have reasonable grounds to believe that Bagueros was intoxicated. She testified that Bagueros exhibited several indicia of intoxication: a strong odor of alcohol on her breath, slurred speech, glassy and red eyes, and slow physical movement. Bagueros also apparently performed poorly on the field sobriety test and stumbled out of her car to the extent that no other field sobriety tests were deemed necessary. Officer Iversen testified that, as a result of her training and experience, the appearance and behavior of Bagueros indicated that she was under the influence of alcohol. Therefore, Officer Iversen had probable cause to arrest Bagueros for driving under the influence of alcohol.
 Arrest Made Outside Officers' Jurisdiction
Under R.C. 2935.03(D), a state university law enforcement officer may arrest a person without a warrant outside the territorial limits of the officer's jurisdiction if the following apply:
 (1) The pursuit takes place without unreasonable delay after the offense is committed.
 (2) The pursuit is initiated within the limits of the * * * university in which the peace officer is * * * employed * * *.
 (3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially similar municipal ordinance, or any offense for which points are chargeable pursuant to division (G) of section 4507.021 of the Revised Code.
Bagueros contends that her arrest was invalid because there was unreasonable delay between when Officer Iversen received the dispatch call and when she intercepted Bagueros, and because the pursuit did not originate on property of the University of Akron.
We find her argument to be without merit. "In order to invoke the exclusionary rule, the police conduct ordinarily must rise to the level of a constitutional violation. This court has repeatedly held that a violation of R.C. 2935.03(D) does not rise to the level of a constitutional violation." (Citations omitted.)State v. Filler (1995), 106 Ohio App.3d 731, 733. See, also, Stowv. Riggenbach (1994), 97 Ohio App.3d 661, 663. Therefore, any alleged violation of R.C. 2935.03(D) in the case at bar will not operate to exclude evidence obtained during Officer Iversen's interaction with Bagueros.
Bagueros' assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
CARR, P. J.
WHITMORE, J.
CONCUR