OPINION
Defendant-appellant, Gary Hornsby, appeals his conviction in the Clermont County Court of Common Pleas for operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A). The judgment of the trial court is affirmed.
On June 22, 1998, Officer Mike Hackman of the Miami Township Police received a dispatch from his department describing a white pickup truck driving erratically on eastbound State Route 28 in Miami Township, Clermont County, Ohio. Officer Hackman received the dispatch while on patrol in Miami Township. The dispatch indicated that the information was being provided by an unidentified citizen via cell phone. Officer Hackman responded to the dispatch and set out in pursuit of the vehicle, following State Route 28 out of Miami Township into Goshen Township.
He first made visual contact with the truck as it turned north onto State Route 48 in Goshen Township. Officer Hackman followed the truck, and observed the vehicle cross the centerline of the roadway on at least two occasions. He continued following the truck, waiting for a Goshen Township police officer to appear and initiate a stop. From radio traffic, Officer Hackman knew that Goshen Township officers were responding to the scene. However, before a Goshen Township officer arrived, the truck pulled into a private lane. Officer Hackman pulled in behind the truck and activated his emergency lights.
Within moments, Officer David Perkins of the Goshen Township Police Department arrived at the scene. Officer Perkins performed field sobriety tests on appellant, and subsequently arrested him for driving under the influence of alcohol ("DUI"), in violation of R.C. 4511.19(A)(1). This was appellant's fourth DUI offense and his first felony DUI offense.
On August 26, 1998, appellant waived his right to a preliminary hearing and was bound over to the Clermont County grand jury. Appellant was indicted on September 16, 1998. On November 12, 1998 appellant filed a motion to dismiss, alleging that Officer Hackman was not authorized to make a stop outside the jurisdiction of Miami Township pursuant to R.C. 2935.03. The trial court overruled the motion by entry filed March 15, 1999, finding that Officer Hackman's stop complied with the requirements of R.C. 2935.03(D), Ohio's "hot pursuit" statute.
Appellant entered a written plea of no contest on April 8, 1999. He was found guilty of the charge and sentenced accordingly. Appellant appeals the trial court's decision raising the following assignment of error:
 THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CHARGE OF VIOLATING R.C. 4511.19.
Appellant first contends that the charges against him must be dismissed because Officer Hackman was not authorized under R.C.2935.03(D) to pursue, stop and detain him for a suspected DUI offense outside the jurisdiction of Miami Township.
R.C. 2935.03 provides the statutory authority for a police officer to detain and arrest. Under R.C. 2935.03(A), a police officer may arrest and detain a person whom the officer observes "violating a law of this state" within the officer's jurisdiction. R.C. 2935.03(B) permits a police officer to arrest and detain for specific acts of violence, and R.C. 2935.03(C) permits an officer to arrest and detain for DUI offenses. The authority to detain and arrest contained in R.C. 2935.03(A),(B) and (C) does not permit a police officer to arrest outside the police officer's territorial jurisdiction without a warrant.
However, under R.C. 2935.03(D) a police officer has the authority to pursue and detain outside the officer's jurisdiction, when the officer is otherwise authorized by R.C. 2935.03(A) or (B) to detain and arrest, and (1) the pursuit takes place without delay, (2) the pursuit is initiated within the officer's territorial jurisdiction, and (3) the offense involved is either a felony, a first or second degree misdemeanor, or a traffic offense for which points are chargeable under R.C. 4507.021(G). R.C.2935.03(D).
It is well-settled that a police officer has authority to pursue, stop and detain a suspected intoxicated driver under R.C.2935.03(D) when the requirements of that section are met. SeeState v. Filler (1995), 106 Ohio App.3d 731; State v. Tissandier
(Nov. 2, 1998), Clinton App. No. CA98-06-017, unreported; State v.Itzo (May 22, 1998), Ottawa App. No. OT-97-018, unreported. Although R.C. 2935.03(C) provides a police officer with the specific authority to arrest and detain individuals suspected of driving while intoxicated, R.C. 4511.19 is an "Ohio law" for which an officer is granted authority to detain and arrest under R.C.2935.03(A). Accordingly, Officer Hackman's extra-territorial pursuit and detention of appellant for a suspected DUI offense was proper under R.C. 2935.03(D) when the remaining requirements of that section were met.
In the alternative, appellant argues that neither the first nor the second criteria of R.C. 2935.03(D) were met in the present case, i.e., that the pursuit was initiated with delay, and that the pursuit was not initiated within the police officer's jurisdiction.
In City of Cleveland Heights v. Richardson (May 7, 1981), Cuyahoga App. No. 42856, unreported, the Eighth Appellate District examined the criteria of R.C. 2935.03(D) in a case involving facts nearly identical to those in the present case. In Richardson, the South Euclid police received an anonymous citizen tip about an erratic driver. The responding South Euclid police officer received the dispatch while in the South Euclid jurisdiction, and immediately began pursuing the vehicle. However, the police officer did not sight the vehicle until it was traveling outside of South Euclid, in the jurisdiction of Cleveland Heights. The police officer continued to pursue the vehicle and observed the driver swerve left of center. The police officer stopped the vehicle and radioed the Cleveland Heights Police Department for assistance. A Cleveland Heights police officer arrived at the scene, administered sobriety tests, and arrested the driver for DUI.
The appellate court found that pursuit was initiated within South Euclid when the officer responded to the anonymous tip, and that the pursuit began without delay, in spite of the fact that the police officer did not observe the vehicle until in a neighboring jurisdiction. Richardson at *4. The court further found that the South Euclid officer did not intend to arrest the driver, but rather to detain him until a Cleveland Heights officer arrived. Id. As DUI is an offense for which points are chargeable under R.C. 4507, the court concluded that the actions of the South Euclid officer who detained the driver satisfied the requirements of R.C. 2935.03(D). Id.
This court adopted the reasoning of the Richardson decision in State v. Tissandier (Nov. 2, 1998), Clinton App. No. CA98-06-017, unreported. In Tissandier, the New Vienna police received an anonymous tip about a possibly intoxicated person who was being disruptive at a gas station in New Vienna. Upon arriving at the gas station, the responding New Vienna police officer observed the suspect drive away at a high rate of speed. Immediately thereafter, the police officer followed the driver into Clinton County, outside the New Vienna jurisdiction. The police officer eventually stopped and detained the driver until a Clinton County police officer arrived and arrested the driver for DUI.
Applying the reasoning of the Richardson decision, this court upheld the conviction. The court found that the New Vienna police officer's pursuit began at the moment the police officer responded to the anonymous tip. As pursuit began within the responding police officer's jurisdiction and without delay, this court found that the driver was validly detained pursuant to R.C. 2935.03(D).Tissandier at 5.
Following the reasoning of this court in Tissandier and the Eighth Appellate District in Richardson, we find that Officer Hackman initiated pursuit when he responded to the dispatch indicating appellant's erratic driving. His pursuit began without delay within his jurisdiction and continued into a neighboring jurisdiction. Appellant was pursued on suspicion of DUI, a traffic offense for which points are chargeable under 4507.021(G). Having complied with the requirements of R.C. 2935.03(D), the stop and detention of appellant by the Miami Township officer within Goshen Township was appropriate.
A police officer may stop and detain a motorist outside the officer's jurisdiction when an officer receives a report of erratic driving by a suspect within the officer's jurisdiction and the officer initiates pursuit without delay from within his jurisdiction. Richards at *4. This is true even if the police officer does not first observe the offender until in a neighboring jurisdiction.[1] The assignment of error is overruled.
YOUNG, P.J., and VALEN, J., concur.
[1] In its appellate brief, the state requests that we revisit our holding in State v. Schmidt (Nov. 26, 1990), Clermont App No. CA90-02-016, unreported. At this time we decline to do so, finding that we do not reach the issues therein on the facts of the case sub judice.