I respectfully concur in the judgment only.
After reading the motion to suppress transcript, I would overrule assignments of error one, two, three, and four regarding the trial court allowing the state to introduce evidence of the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test during the motion to suppress hearing. Even if the trial court abused its discretion when it allowed the evidence, it never considered the results of the three tests when it concluded that the officer had probable cause to arrest the appellant for OMVI. In short, the trial court found enough other evidence to support probable cause for the arrest. Thus, any error the trial court made when it allowed testimony regarding these factors was harmless.
I would also overrule assignment of error five because only constitutional violations are subject to the exclusionary rule. Here, even if the officer improperly arrested appellant outside his jurisdiction, the extra-territorial arrest is not a constitutional violation. See, e.g., State v. Brown (April 16, 1999), Pickaway App. No. 98CA27, unreported. See, also, State v. Filler (1995), 106 Ohio App.3d 731;State v. Tennison (April 14, 1989), Wood App. No. WD-88-41, unreported; and State v. Hammons (Aug. 28, 1998), Montgomery App. No. 16931, unreported.[2]
Finally, I would overrule assignment of error six regarding the stopping and detaining of appellant. In my view, the officer had probable cause to stop appellant for a marked lane violation and had reasonable suspicion to continue to detain appellant while he investigated the OMVI. Appellant's erratic driving, bloodshot eyes, and smell of alcohol were enough for the reasonable suspicion necessary to detain him beyond the marked lane violation stop. These same factors were sufficient for the probable cause necessary to later arrest the appellant for the OMVI.
The officer on cross-examination agreed with the appellant that without the field tests, he did not think that he had probable cause for the OMVI arrest. However, the test is objective, not subjective.
 "[T]he question is whether, at the moment of arrest, the police had sufficient information derived from a reasonably trustworthy source of facts and circumstances which are sufficient to cause a prudent person to believe that a suspect was driving while under the influence. In making this determination, the court examines the `totality' of the circumstances leading to the defendant's arrest. State v. Timson
(1974), 38 Ohio St.2d 122, 311 N.E.2d 16, and State v. Miller (1997), 117 Ohio App.3d 750, 691 N.E.2d 703."
State v. Kolesar (Sept. 20, 2001), Franklin App. No. 00AP1435, unreported.
Thus, for the above reasons, I concur in judgment only.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ATHENS COUNTY MUNICIPAL COURT to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILY CONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only with Opinion.
Kline, J.: Concurs in Judgment Only with Opinion.
[2] However, the Ohio Supreme Court has accepted a case from the Eleventh District that conflicts with these decisions, including our position in Brown. State v. Weideman (2001), 91 Ohio St.3d 1446.