CITY OF STOW, Appellee,

v.

RIGGENBACH, Appellant.

[Cite as *Stow v. Riggenbach* (1994), 97 Ohio App.3d 661.]

Court of Appeals of Ohio,
Summit County.

No. 16578.

Decided Oct. 26, 1994.

*Diane Guzzo*, Summit County Assistant Prosecuting Attorney, for appellee.

*Timothy J. Hart*, for appellant.

REECE, Presiding Judge.

Defendant-appellant, Robert Riggenbach, appeals his conviction of driving a motor vehicle while under the influence of alcohol. We affirm.

On July 24, 1993, Riggenbach drove his car through a stop sign at the intersection of Young and Newcomer Roads in Stow, Summit County, Ohio. He then crashed his car into a tree located beyond the intersection in Portage County.

The Stow Police Department received a report of the accident and responded to the scene. When they arrived at the accident location in Portage County, they encountered Riggenbach, the car, and Portage County sheriff's deputies. Riggenbach told the Stow officers that he ran the stop sign and that he had been drinking. The Stow officers observed that he swayed while he talked and slurred his speech. The Portage County deputies did not arrest Riggenbach. The Stow officers did arrest Riggenbach for driving under the influence of alcohol.

The case was set for trial in the Cuyahoga Falls Municipal Court. Prior to trial, Riggenbach moved to suppress all the evidence because the Stow officers arrested him outside the confines of their jurisdiction. The trial court denied the motion. Riggenbach then pled no contest on November 1, 1993 to the charge against him. Riggenbach now appeals.

In his single assignment of error, Riggenbach argues that the trial court improperly denied his motion to suppress because the Stow police officers arrested him outside their jurisdiction in violation of R.C. 2935.03(D) and (E)(3). We disagree.

R.C. 2935.03(D) provides:

"If a * * * municipal police officer * * * is authorized by division (A) or (B) of this section to arrest and detain, within the limits of the political subdivision * * * a person until a warrant can be obtained, the peace officer may, outside the limits of the political subdivision * * * pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:

"(1) The pursuit takes place without unreasonable delay after the offense is committed.

"(2) The pursuit is initiated within the limits of the political subdivision * * *.

"(3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable pursuant to division (G) of section 4507.021 [4507.02.1] of the Revised Code."

In addition, R.C. 2935.03(E)(3) provides:

"A police officer * * * may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code * * * on the portion of any street or highway that is located immediately adjacent to the boundaries of the municipal corporation in which the police officer * * * is * * * employed."

Riggenbach states that the Stow police officers did not observe him in Summit County, or upon any boundary road, and that the police officers also were not in hot pursuit of him. Therefore, Riggenbach contends the Stow police improperly arrested him because they performed the arrest in Portage County. Thus, Riggenbach claims the trial court should have suppressed the evidence obtained by the Stow police.

The exclusionary rule is ordinarily inapplicable to evidence which is the product of police conduct violative of state law, but not violative of constitutional law. *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 235, 18 O.O.3d 435, 437, 416 N.E.2d 598, 600; *Barberton v. Smith* (Feb. 10, 1988), Summit App. No. 13272, unreported, 1988 WL 17795. This court has held that a violation of R.C. 2935.03(D) does not rise to the level of a constitutional violation. *State v. Batten* (Nov. 10, 1993), Summit App. No. 16279, unreported, at 5, 1993 WL 473814; *State v. Szor* (Dec. 26, 1990), Wayne App. No. 2581, unreported, at 4–5, 1990 WL 235962.

The evidence indicates that the Stow police did not observe Riggenbach driving his car in Summit County nor did they see him driving on a boundary road in Portage County. However, the police did receive a report of the accident and responded to the accident scene. While at the scene, the evidence indicated Riggenbach crashed his car because he was inebriated. While the Stow police did not observe Riggenbach's driving or effectuate an arrest in their jurisdiction, the failure to follow R.C. 2935.03(D) does not constitute a violation of Riggenbach's constitutional rights pursuant to our holdings in *Batten* and *Szor, supra.*

Furthermore, our past decisions dictate that the failure of the Stow police to observe Riggenbach on a boundary road pursuant to R.C. 2935.03(E)(3) also does not give rise to a violation of Riggenbach's constitutional rights. Since our decisions in *Batten* and *Szor* held that an arrest in violation of the statutory

authority of R.C. 2935.03(D) does not rise to the level of a constitutional violation, it follows that an arrest which does not conform to the statutory mandate of 2935.03(E)(3) will also not constitute a constitutional violation.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and COOK, JJ., concur.