OPINION
Defendant-appellant Robert D. Bates, Sr. appeals the denial by the Coshocton County Court of Common Pleas of Defendant-appellant's Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On the evening of April 14, 2000, Sergeant Christopher Walters of the Village of West Lafayette Police Department, who was also a Coshocton County Deputy Sheriff, was dispatched to a report of shots fired in the Village of West Lafayette on East Seventh Street. Upon arrival at the scene, Sergeant Walters noticed a large crowd of juveniles along with numerous vehicles. On speaking with several witnesses, Sergeant Walters was informed that one of the juveniles came there to fight appellant's stepson. At that point, Sergeant Walters observed Mrs. Bates, appellant's mother, carrying a long rifle. Sergeant Walters retrieved the firearm from Mrs. Bates and continued to question witnesses.
Sergeant Walters asked the witnesses who shot the gun. None of the witnesses answered. At that point, appellant spoke up and indicated "nobody shot a gun, Chris. I — said, I let off three to four M-80 firecrackers." TR 8. Sergeant Walters asked appellant to show him where the debris from the firecrackers was located. Sergeant Walters noticed that appellant had a beer can in his hand and that his speech was slurred as he spoke. At the suppression hearing Sergeant Walters testified that appellant was intoxicated, and that Sergeant Walters had handled numerous calls with the appellant and could tell when appellant was sober and when appellant was intoxicated. Upon further discussion, appellant admitted to firing five or six shots into the air.
However, appellant did not indicate where he was standing when he discharged the firearm. The location of the incident was at or around the corporation limit of the Village of West Lafayette. Some of the witnesses, many of whom were friends and relatives of appellant, stated that appellant had been standing within the corporation limits when he fired the weapon while some stated that appellant had been outside of the Village limits. All agreed that appellant had fired the weapon. Further, in discussing the long rifle with Mrs. Bates and appellant, appellant indicated that the long rifle was not the weapon appellant fired. In response to a question by Sergeant Walters as to where the gun was that appellant had fired, appellant's step-son brought Sergeant Walters a 12-gauge shotgun.
Appellant was arrested and charged on one count of Using Weapons While Intoxicated, in violation of R.C. 2923.15(A), a misdemeanor of the first degree.[1] The arrest was based upon his own admissions and the statements of witnesses claiming that he was within the Village of West Lafayette corporation limits when he fired the weapon. However, it appears uncontested that appellant was outside of the limits of the Village when he was arrested.
Appellant was arraigned on April 17, 2000, entering a plea of not guilty. Thereafter, on May 12, 2000, appellant filed a Motion to Suppress and an amendment to that Motion to Suppress on June 2, 2000. The motion alleged that the officer, Sergeant Walters, "lacked probable cause to arrest and dismissal of the charges brought by the arresting officer because of a constitutional and statutory invalid, warrantless, extraterritorial, misdemeanor arrest of the defendant as defined by O.R.C. 2925.03. [sic]."
A hearing was held on the Motion to Suppress on June 2, 2000. At the hearing, in response to the State's argument that there was no evidence seized as a result of the alleged unauthorized arrest, appellant's counsel replied that he sought to suppress the shotgun seized at the scene. Further, in addition to the facts set forth above, testimony at the hearing showed that the Coshocton County Sheriff Department and the Village of West Lafayette Police Department had a mutual aid agreement, authorizing the officers to assist each other, as needed. TR 12-13. Subsequent to the hearing, via Judgment Entry entered June 5, 2000, the Motion to Suppress was denied.
On June 28, 2000, appellant pled no contest and stipulated to a finding of guilt to an amended charge of discharge of a firearm at or near a prohibited premises, in violation of R. C. 2923.162(A)(2), a fourth degree misdemeanor.[2]
It is from the trial court's June 2, 2000, and June 28, 2000, Judgment Entries that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED BY DENYING A MOTION TO SUPPRESS EVIDENCE RESULTING FROM AN UNCONSTITUTIONAL, STATUTORY, [SIC] INVALID, WARRANTLESS, EXTRATERRITORIAL, MISDEMEANOR ARREST WHERE NO EXCEPTIONS APPLY [SIC] AS DEFINED BY ORC 2935.03(D)AND (E), EFF. 4-19-88.
 I
In appellant's sole assignment of error, appellant contends that the trial court erred when it denied appellant's Motion to Suppress Evidence. Reading appellant's Motion to Suppress liberally, we understand that appellant contended that the officer did not have probable cause to arrest appellant and that, in violation of R.C. 2935.03[3], the officer arrested appellant for a misdemeanor although the officer did not witness the offense and that the officer left his territorial jurisdiction to arrest appellant. Appellant sought to suppress, or exclude, a shotgun seized at the scene. TR 20. In response, the State argued that the arrest was authorized by R.C. 2935.03 because (1) the officer was in pursuit when he crossed a jurisdictional line to arrest appellant; (2) the officer was also a deputy sheriff and therefore had independent authority to arrest appellant; (3) West Lafayette and Coshocton County had an agreement by which the West Lafayette Police Department and the Coshocton Sheriff Department could assist each other, thereby authorizing the police officer to make the arrest outside of the West Lafayette jurisdiction but within the jurisdiction of the Sheriff Department; and (4) that any error, if any, was harmless.
In general, the exclusionary rule excludes evidence procured in the course of an unconstitutional stop or arrest. Stow v. Riggenbach (1994),97 Ohio App.3d 661, 663. Appellant argues that appellant's arrest was unconstitutional and/or unauthorized by State law. Appellant seeks to suppress, or exclude, a shotgun seized as a result of the arrest. However, pursuant to Crim. R. 52(A), an appellate court should disregard any error "which does not affect substantial rights."[4] When a constitutional right is involved, as alleged by appellant, any error deemed to be harmless must be so beyond a reasonable doubt. Chapman v.California (1967), 386 U.S. 18, 23. "In a criminal prosecution, the allegedly erroneous admission in evidence of items unlawfully seized is harmless beyond a reasonable doubt and does not provide grounds for reversal of the conviction where the pertinent testimony of witnesses at the trial is not the product of such seizure and is overwhelmingly sufficient to independently establish the elements of the offense beyond a reasonable doubt." State v. Tabasko (1970), 22 Ohio St.2d 36, at syllabus.
Since the record at the hearing on the suppression motion showed that the State's case consisted of an admission by appellant that he fired a weapon and of the observation by Sergeant Walters that appellant was intoxicated, we cannot see how the shotgun allegedly fired by appellant would have had any impact whatsoever on the outcome of the case[5]. Therefore, we hold that any constitutional error alleged by appellant was harmless beyond a reasonable doubt. Accordingly, even if we were to find the arrest of appellant was constitutionally or statutorily unlawful, which we decline to consider, such violation would not be grounds for reversal of appellant's conviction. See Tabasko, supra. The evidence presented at the suppression hearing, standing alone without the gun itself, was sufficient to support appellant's conviction.
Appellant's sole assignment of error is overruled.
The judgment of the Coshocton County Municipal Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Municipal Court is affirmed. Costs to appellant.
 _____________ Edwards, P.J.
Gwin, J. and Farmer, J. concurs.
[1] "No person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordnance." R.C.2923.15(A).
[2] "No person shall . . . discharge a firearm on a lawn, park, pleasure ground, orchard, or other ground appurtenant to a schoolhouse, church, or inhabited dwelling, the property of another, or a charitable institution." R.C. 2923.162(A)(2).
[3] R.C. 2935.03 states the following, in pertinent part:
 (A)(1) A sheriff, deputy sheriff, marshal, deputy marshal, municipal police officer, shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision, . . . a law of this state, an ordinance of a municipal corporation, or a resolution of a township.
. . .
 (D) If a sheriff, deputy sheriff, marshal, deputy marshal, municipal police officer, . . . is authorized by division (A) or (B) of this section to arrest and detain, within the limits of the political subdivision, . . . or within the limits of the territorial jurisdiction of the peace officer, a person until a warrant can be obtained, the peace officer, outside the limits of that territory, may pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:
 (1) The pursuit takes place without unreasonable delay after the offense is committed;
 (2) The pursuit is initiated within the limits of the political subdivision, metropolitan housing authority housing project, regional transit authority facilities or those areas of a municipal corporation that have been agreed to by a regional transit authority and a municipal corporation located within its territorial jurisdiction, port authority, college, or university in which the peace officer is appointed, employed, or elected or within the limits of the territorial jurisdiction of the peace officer;
 (3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable pursuant to division (G) of section 4507.021
of the Revised Code.
[4] "Harmless Error. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim. R. 52(A).
[5] Also, according to Sergeant Walters, witnesses consistently and unanimously stated that appellant had fired the weapon.