JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Dennis Terrell appeals the trial court's denial of his motion to suppress. We find no merit to the appeal and affirm.
 {¶ 2} Terrell was charged with possession of drugs, preparation of drugs for sale, and possession of criminal tools. His counsel filed motions to suppress statements made by Terrell and to suppress physical evidence. On September 20, 2001, the trial court conducted a suppression hearing where the following evidence was presented:
 {¶ 3} Det. Thomas Azzano testified that he has been a detective with the Cuyahoga Metropolitan Housing Authority (CMHA) for ten years. In that time, he has made hundreds of arrests for drug trafficking and is familiar with how drug transactions are made. He testified that on February 22, 2001, around 8:00 p.m., he and his partner Det. Ramsey stopped to purchase cigarettes at the Shop-Rite store on East 75th and Kinsman in Cleveland. According to Det. Azzano, this area is considered to be a high drug trafficking area. The detectives were in an unmarked vehicle and not in uniform. As they pulled up to the store, which was not part of CMHA property, they observed a black male and female leaving the store, and heard one of them yell, "Hey, there is Big Man. We can get a good twenty-piece from him." Based on his experience, Det. Azzano knew that a "twenty-piece" meant $20 worth of crack cocaine. The man and woman then yelled over to Terrell, who was sitting in the driver's seat of a car, "Big Man!" In response, Terrell pointed to the area of East 76th and Kinsman where he proceeded to park his car. The man and woman ran over to that location, which Det. Azzano admitted was not on CMHA property but on a public street in the City of Cleveland.
 {¶ 4} The detectives set up surveillance across the street and observed the man approach the driver's side of the vehicle and hand Terrell an unknown amount of currency. Det. Azzano noted that he was nervously looking around when he gave Terrell the money. According to Det. Azzano, Terrell then handed something to the man.
 {¶ 5} Det. Azzano and his partner then pulled their unmarked vehicle in front of Terrell's car and activated the lights. As Det. Azzano ordered Terrell out of the car, he saw Terrell place a plastic bag between the seats of the car.
 {¶ 6} After "Mirandizing" Terrell, Det. Azzano asked him if he was "Big Man" and he responded, "Yes." The detective then told Terrell, "We are sitting right there, and you are making a transaction directly in front of us." Terrell responded that "Yeah, it ain't my stuff though" and pointed to his front pocket. Det. Azzano patted down Terrell and felt a pill bottle in his pocket. Inside the pill bottle were fifty-one rocks of cocaine. The detectives arrested Terrell and transported him to the Justice Center. An inventory search of the vehicle uncovered forty to fifty rocks of crack cocaine in a plastic bag between the driver and passenger seats.
 {¶ 7} Terrell testified that the 100 rocks of cocaine were for his own personal use and denied ever telling Det. Azzano that the drugs were not his. He admitted that he did sell drugs "at times." Terrell also admitted that the man and woman approached his car asking for drugs, but he denied selling any drugs. He denied being called "Big Man," but admitted being referred to as "Big Dude" or "Big Den."
 {¶ 8} Based on the above evidence, the trial court denied the motion to suppress.
 {¶ 9} On October 11, 2001, Terrell pled no contest to all three counts and was sentenced to two years on counts one and two and six months on count three, all to run concurrently.
 {¶ 10} Terrell appeals and raises two assignments of error.
 LEGALITY OF THE ARREST {¶ 11} In his first assignment of error, Terrell argues that Det. Azzano lacked sufficient probable cause to arrest him without a warrant because the statement made by the drug buyer prior to purchasing the drugs was not reliable, and because there was no evidence that drugs were actually purchased. Terrell also argues that the CMHA detectives lacked jurisdiction to arrest him because he was not on CMHA property when the alleged drug deal occurred.
 {¶ 12} The scope of our review regarding a motion to suppress is set forth in State v. Curry (1994), 95 Ohio App.3d 93, 96, as follows:
 {¶ 13} "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973), 34 Ohio St.2d 250, 63 Ohio Op.2d 391, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. SeeState v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906, 908."
 {¶ 14} A warrantless arrest is constitutionally valid if, at the time of the arrest, the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent person to believe that the suspect had committed an offense. Beck v. Ohio (1964), 379 U.S. 89, 91,13 L.Ed.2d 142, 85 S.Ct. 223. Probable cause for a warrantless arrest exists when the officer has sufficient information, from his own knowledge or a reliable source, to merit a reasonable belief that the accused has committed a felony. State v. Timson (1974), 38 Ohio St.2d 122,127; State v. Morris (1988), 48 Ohio App.3d 137.
 {¶ 15} A warrantless arrest, however, does not require the officer's absolute knowledge that a crime has been committed; it requires only a reasonable belief based on the totality of the circumstances.State v. Timson, supra. Probable cause is a pliant common sense standard that requires only a showing that a probability, rather than an actual showing, of criminal activity existed. Texas v. Brown (1983), 460 U.S. 730,732; Illinois v. Gates (1983), 462 U.S. 213, 245.
 {¶ 16} On the basis of the detectives' testimony and the totality of the circumstances, we find the detective had sufficient probable cause to arrest Terrell.
 {¶ 17} Although the detective did not know the person who made the statement about buying crack from "Big Man," this statement was not made as a tip to the officer, but was simply a statement the detective overheard. The statement alerted the detectives that a drug deal might occur and they appropriately set up surveillance to observe the situation. They did not rely on the statement alone, but waited until the hand-to-hand transaction was completed before approaching the car. At that point, the detectives had sufficient evidence to support probable cause to arrest or seize Terrell.
 {¶ 18} Although no drugs were recovered, Det. Azzano testified that he saw money exchanged for some object. He could not see the object, but based on his extensive history as a narcotics officer, he surmised a hand-to-hand drug transaction had just occurred.
 {¶ 19} Whether the detectives had jurisdiction to arrest Terrell is not an issue appropriate for a suppression motion. This court held as follows in State v. Paul, Cuyahoga App. No. 79596, 2002-Ohio-591, when dealing with the question of a CMHA officer's authority to arrest outside CMHA jurisdiction:
 {¶ 20} "The exclusionary rule is only used to remedy violations of constitutional rights and not violations of state statutes. See,Kettering v. Hollen (1980), 64 Ohio St.2d 232, 234-235, 416 N.E.2d 598. The courts have held that a violation of R.C. 2935.03(D) does not rise to the level of a constitutional violation, thus precluding the suppression of evidence for that reason. See State v. Riggenbach (1994),97 Ohio App.3d 661, 663, 647 N.E.2d 246; State v. Coppock (1995),103 Ohio App.3d 405, 412, 659 N.E.2d 837; State v. Bostwick, (Feb. 4, 2000), Cuyahoga App. No. 75124. Even had the facts precluded application of R.C. 2935.03, the court could not have granted the motion to suppress on that ground."
 {¶ 21} Because the arrest of an individual outside CMHA jurisdiction is not a basis for granting a motion to suppress, the trial court did not err by refusing to grant the motion on this basis.
 {¶ 22} Terrell's first assignment of error is overruled.
 LEGALITY OF THE STOP AND PAT-DOWN SEARCH {¶ 23} Terrell claims in his second assignment of error that a stop of Terrell was not appropriate because there was no evidence that the detectives had a reasonable and articulable suspicion that he was engaged in criminal activity and a pat-down of Terrell's person was inappropriate because there was no evidence he was armed and dangerous.
 {¶ 24} In Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889,88 S.Ct. 1868, the United States Supreme Court held that a police officer may stop and investigate unusual behavior, even without probable cause to act, when he reasonably concludes that the individual is engaged in criminal activity. In justifying that conclusion, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Id. at 21.
 {¶ 25} The circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. State v. Freeman (1980), 64 Ohio St.2d 291, 295. As the Supreme Court stated in State v. Williams (1990), 51 Ohio St.3d 58,61:
 {¶ 26} "The standard for reviewing such police conduct is an objective one: `would the facts available to the officer at the moment of the seizure or the search warrant a man of reasonable caution in the belief that the action taken was appropriate?' Terry, supra at 21-22;United States v. Wright (C.A.8, 1977), 565 F.2d 486, 489. That is, `an investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.'United States v. Cortez (1981), 449 U.S. 411, 417, 66 L.Ed.2d 621,101 S.Ct. 690." See, also, State v. Andrews (1991), 57 Ohio St.3d 86, 87.
 {¶ 27} The evidence in the instant case portrayed the following circumstances: the transaction occurred in a high drug crime area; the arresting detective was very experienced with drug trafficking cases; the purchaser of the drugs announced he intended to purchase the drugs from "Big Man" and proceeded to wave at Terrell and head directly to his car; and the arresting detective observed Terrell engage in a hand-to-hand transaction with money changing hands for an "object."
 {¶ 28} On the basis of the detectives' testimony and the totality of the circumstances, there were sufficient articulable facts upon which to base a stop of defendant. State v. Williams, supra; State v. Bobo
(1988), 37 Ohio St.3d 177, paragraph one of syllabus; State v. Morales
(1993), 92 Ohio App.3d 580, 583, 636 N.E.2d 404. As we stated above, at that point, there was even enough evidence to support probable cause to arrest.
 {¶ 29} Although the officer contends he did not arrest Terrell until after he found the drugs in Terrell's pocket, probable cause to arrest occurred once the hand-to-hand transaction had been completed. Therefore, although the search of Terrell's person occurred prior to the official arrest, we find that the evidence was nonetheless admissible. The court in State v. Jones (1996), 112 Ohio App.3d 206, addressed a similar situation and held:
 {¶ 30} "Pursuant to a search incident to arrest, the police may conduct a full search of the arrestee's person, and that search is not limited to the discovery of weapons, but may include evidence of a crime as well. United States v. Robinson (1973), 414 U.S. 218, 38 L.Ed.2d 427,94 S.Ct. 467; Gustafson v. Florida (1973), 414 U.S. 260, 38 L.Ed.2d 456,94 S.Ct. 488. Further, the actual arrest need not precede the search as long as the fruits of the search are not used to support probable cause for the arrest. Rawlings v. Kentucky (1980), 448 U.S. 98, 111,65 L.Ed.2d 633, 100 S.Ct. 2556; State v. Tillman (Sept. 30, 1993), 1993 Ohio App. LEXIS 4672, Montgomery Cty. App. No. 14060." Id. at 215.
 {¶ 31} Since there was probable cause to arrest Terrell prior to the pat-down search, the trial court did not err by denying Terrell's motion to suppress the rocks of cocaine.
 {¶ 32} Terrell's second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and PATRICIA ANN BLACKMON, J. concur.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).