The STATE of Ohio, Appellee,

v.

FITZPATRICK, Appellant.

[Cite as State v. Fitzpatrick, 152 Ohio App.3d 122, 2003-Ohio-1405.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–02–1195.

Decided March 14, 2003.

Robert A. Pyzik, Sylvania City Prosecutor, for appellee.

Darrell M. Crossgrove, for appellant.

---

GLASSER, Judge.

{¶ 1} This matter comes before the court on appeal from the Sylvania Municipal Court wherein appellant, Sean Fitzpatrick, was convicted of driving while under the influence of alcohol. Appellant asserts the following assignments of error:

{¶ 2} "I. The trial court improperly denied defendants [sic] motion to dismiss for lack of territorial jurisdiction.

{¶ 3} "II. The trial court improperly denied defendant's motion to suppress field sobriety tests and all subsequent evidence."

{¶ 4} A suppression hearing commenced on March 8, 2002. Officer Robert Snow of the Sylvania Township Police Department testified that he was on duty in the early morning hours of December 7, 2001, when he observed appellant

driving a Ford vehicle very slowly on Central Avenue. Officer Snow, stating that he was concerned that appellant may have been driving in and out of closed car dealership lots, called appellant's license plate number in to his dispatcher. Officer Snow continued to follow appellant's vehicle. By the time the dispatcher responded to Officer Snow with the license plate information, Officer Snow and appellant had entered the city of Toledo. The dispatcher told Officer Snow that the plate was registered to a Mitsubishi vehicle rather than a Ford. Officer Snow then activated his overhead lights and appellant stopped his car.

{¶ 5} Officer Snow testified that he approached the driver's side door and could smell alcohol. Officer Snow stated that appellant appeared sluggish, had bloodshot eyes, and admitted that he had been drinking. When appellant failed a series of field sobriety tests, he was arrested for driving while under the influence of alcohol and was transported to the Sylvania Township Police Department for a breathalyzer test.

{¶ 6} In his first assignment of error, appellant alleges that the trial court erred in denying appellant's motion to suppress. Specifically, appellant contends that Officer Snow's extraterritorial stop of appellant's vehicle violated the Fourth Amendment to the United States Constitution.

{¶ 7} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141.

{¶ 8} The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to conduct a brief investigative stop (a "*Terry* stop") if the officer possesses a reasonable suspicion, based upon specific and reasonable facts, which, taken together with rational inferences from those facts, warrants the belief that criminal behavior is imminent. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *United States v. Brignoni–Ponce* (1975), 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607; *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271.

{¶ 9} Appellant contends that the trial court erroneously relied on *State v. Weideman* (2002), 94 Ohio St.3d 501, 764 N.E.2d 997, in rejecting appellant's jurisdictional argument. In *Weideman,* an officer observed a vehicle traveling

left of center, leave the road twice, and again travel left of center. The officer, an employee of the Ravenna, Ohio Police Department, was a half mile out of his jurisdiction when he made these observations. The Ravenna officer stopped the vehicle and requested assistance from the Ohio State Highway Patrol because he was outside his jurisdiction. The Ravenna officer then observed that the driver of the vehicle had bloodshot eyes and smelled of alcohol. The driver, Weideman, was subsequently arrested by a Highway Patrol officer for driving while under the influence of alcohol.

{¶ 10}   Weideman filed a motion to suppress, arguing that the Ravenna officer conducted an illegal stop because he was outside his jurisdiction. Citing R.C. 2935.03(A)(1), the Ohio Supreme Court noted that the Ravenna officer had violated a state statute in stopping Weideman's vehicle outside of his jurisdiction. However, employing the balancing test of *Wyoming v. Houghton* (1999), 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408, to determine whether a governmental action violates the reasonableness requirement of the Fourth Amendment, the Supreme Court concluded that "[t]he state's interest in protecting the public from a person who drives an automobile in a manner that endangers other drivers outweighs Weideman's right to drive unhindered. These two factors demonstrate that [the officer's] violation of R.C. 2935.03 does not rise to the level of a constitutional violation." Id. at 506, 764 N.E.2d 997.

{¶ 11}   The *Weideman* syllabus reads as follows: "[W]here a law enforcement officer, acting outside the officer's statutory territorial jurisdiction, stops and detains a motorist for an offense committed and observed outside the officer's jurisdiction, the seizure of the motorist by the officer is not unreasonable per se under the Fourth Amendment. Therefore, the officer's statutory violation does not require suppression of all evidence flowing from the stop."

{¶ 12}   The facts in the instant case are distinguishable from *Weideman*. As discussed above, the officer in *Weideman* observed defendant's vehicle leave the road twice and twice drive left of center before he conducted an investigative stop. Clearly the defendant was an immediate danger to other motorists. As stated in *Weideman*, "[T]he government's interest in promoting public safety by stopping and detaining persons driving erratically outweighs the momentary restriction of the driver's freedom."

{¶ 13}   *Weideman* also differs from the instant case in that the Ravenna officer notified the Ohio State Highway Patrol that he had made an extraterritorial stop right after he stopped the defendant's vehicle. The Ravenna officer detained the defendant until an officer with jurisdictional authority could arrive to conduct the arrest.

{¶ 14}   In the instant case, Officer Snow merely observed appellant's vehicle "moving kind of slow." There is no testimony suggesting that appellant's manner

of driving presented a danger to other motorists. Officer Snow had no reasonable suspicion of criminal activity on behalf of appellant until after he had left his jurisdiction. Even then there is no evidence that appellant's possession of illegal plates, a fourth-degree-misdemeanor violation, presented an imminent safety danger to other motorists. Given the lack of urgency, we see no reason why Officer Snow could not have alerted Toledo police to the general location of appellant's vehicle and allowed officers with jurisdictional authority to stop appellant.

{¶ 15} We conclude that the government's interest in making an extraterritorial stop and arrest for a fourth-degree-misdemeanor violation is minimal and outweighed by the serious intrusion upon a person's liberty and privacy that necessarily arises out of a stop and arrest. Therefore, Officer Snow's action in making an extraterritorial stop of appellant's vehicle violates the reasonableness requirement of the Fourth Amendment. Officer Snow's statutory violation in this case does require suppression of all evidence flowing from the stop. Appellant's first assignment of error is well taken.

{¶ 16} In his second assignment of error, appellant contends that the court erred in denying appellant's motion to suppress the results of appellant's field sobriety tests. Having already determined that the trial court erred in denying appellant's motion to suppress, we find appellant's second assignment of error to be moot.

{¶ 17} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Sylvania Municipal Court is reversed and remanded. Appellant's conviction is ordered vacated. Costs assessed to appellee.

Judgment reversed.

RICHARD W. KNEPPER and MARK L. PIETRYKOWSKI, JJ., concur.

GEORGE M. GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.