DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for driving under the influence of alcohol rendered on a no contest plea in the Fulton County Court, Western Division. Because we conclude that the arresting officer acted within his jurisdiction and had probable cause to arrest, we affirm.
 {¶ 2} Shortly before midnight on July 26, 2002, an Ohio Department of Natural Resources ("ODNR") park officer was on duty in a Fulton County park when he observed a pick up truck make a turn off a road bordering the park. The driver of the pick up failed to signal this turn. Once the truck had turned, the officer also saw that its rear license plate light was not operating.
 {¶ 3} The officer followed the truck for several miles, at times, according to the officer's testimony, at speeds in excess of 70 m.p.h. The officer did not activate his overhead lights to signal the driver of the truck to stop until he, the officer, had traveled several miles. The driver stopped shortly after the officer turned on his overhead lights. The driver was appellant, Ronald A. Black.
 {¶ 4} According to the officer, when he approached appellant, he noted a moderate odor of an alcoholic beverage and observed that appellant's eyes were glassy and slightly bloodshot, and his speech slow. Appellant admitted that he had been drinking and opened a cooler from the floor of the truck revealing two unopened cans of beer.
 {¶ 5} The officer administered several field sobriety tests. Based on his assessment of appellant's performance on those tests, he arrested appellant and transported him to the Fulton County Sheriff's Office, where a breath test was performed. Appellant registered .135 grams alcohol per 210 liters of breath and was charged with a violation of R.C. 4511.19(A)(1) and (A)(3) as well as turn signal and open container violations.
 {¶ 6} Appellant pled not guilty and moved to dismiss the charges on the ground that the ODNR officer was outside his territorial jurisdiction when the arrest was made. Appellant simultaneously moved to suppress evidence on the ground that appellant's arrest was without probable cause. Appellant later moved to suppress the result of his breath test on the ground of a purported impropriety with a calibration of the BAC Datamaster machine upon which his test was performed. When the trial court denied all of his motions, appellant changed his plea to no contest to a violation of R.C. 4511.19(A)(3). The trial court found appellant guilty and on the state's motion dismissed the remaining charges.
 {¶ 7} From this judgment, appellant now brings this appeal, setting forth the following three assignments of error:
 {¶ 8} "I. The trial court erred in overruling appellant's motion to suppress for lack of territorial jurisdiction.
 {¶ 9} "II. The trial court erred by finding that the arresting officer had probable cause to arrest appellant.
 {¶ 10} "III. The trial court erred by not granting appellant's motion to suppress and/or dismiss in that the state violated appellant's right to due process when it failed to retain records related to calibrations."
 I. JURISDICTION {¶ 11} R.C. 2935.03(G)(7) provides:
 {¶ 12} "`Peace officer of the department of natural resources' means an employee of the department of natural resources who is a natural resources law enforcement staff officer * * * a forest officer * * *, a preserve officer, a wildlife officer [or], a park officer * * *"
 {¶ 13} Further, R.C. 2935.03(E)(4) provides that:
 {¶ 14} "A peace officer of the department of natural resources * * * may arrest and detain, until a warrant can be obtained, any person found violating [inter alia R.C. Chapters 4511 or 4513] on the portion of any street or highway that is located immediately adjacent to the boundaries of the lands and waters that constitute the territorial jurisdiction of the peace officer."
 {¶ 15} The turning offense charge is a violation of R.C. 4511.39
and the uncharged license plate offense is a violation of R.C. 4513.05. The ODNR officer observed these violations on a highway immediately adjacent to the boundary of the park to which the officer was assigned.
 {¶ 16} R.C. 2936.03(A)(2) and (D) state:
 {¶ 17} "A peace officer of the department of natural resources * * * shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the peace officer's or individual's territorial jurisdiction, a law of this state."
 {¶ 18} "* * *"
 {¶ 19} "(D) If a * * * peace officer of the department of natural resources * * *, is authorized by division (A) or (B) of this section to arrest and detain, * * * within the limits of the * * * territorial jurisdiction of the peace officer, a person until a warrant can be obtained, the peace officer, outside the limits of that territory, may pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:
 {¶ 20} "(1) The pursuit takes place without unreasonable delay after the offense is committed;
 {¶ 21} "(2) The pursuit is initiated within the limits * * * of the territorial jurisdiction of the peace officer;
 {¶ 22} "(3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable pursuant to[R.C. 4507.021(G)]." (Emphasis added.)
 {¶ 23} That the officer did not activate his signals earlier, thus giving the appellant the opportunity to travel at a high rate of speed (the officer also traveling at the same rate or faster to catch up with him, without emergency signals), perhaps creating a dangerous situation, is troubling. However, it is clear that the pursuit was initiated within the limits of the territorial jurisdiction of the officer for an offense for which points are chargeable, (R.C. 4511.39 and 4507.021 (G)) and the pursuit began immediately, without unreasonable delay, after the officer observed the violation. Consequently, the officer acted within this statutory authority in pursuing and stopping appellant.
 {¶ 24} State v. Weideman, 94 Ohio St.3d 501, 2002-Ohio-1484, cited by appellant, involved a violation committed and observed outside of the territorial jurisdiction of the arresting officer. Here, the officer observed the failure to signal and license plate violations within his jurisdiction.
 {¶ 25} In State v. Fitzpatrick, 152 Ohio App.3d 122,2003-Ohio-1405, also cited by appellant, this court found that the officer had "no reasonable suspicion of criminal activity on behalf of the appellant until he left his jurisdiction". Here, as stated, the officer observed a traffic violation while both he and the appellant were within his territorial jurisdiction.
 {¶ 26} Accordingly, appellant's first assignment of error is not well-taken.
 II. PROBABLE CAUSE {¶ 27} In his second assignment of error, appellant maintains that the trial court erred in concluding that the arresting officer had probable cause to believe that appellant was driving while alcohol impaired. Appellant contends that the field sobriety tests conducted by the officer were not in strict compliance with standardized testing procedures as required by State v. Holman, 89 Ohio St.3d 421,2000-Ohio-212.
 {¶ 28} Even though the arresting officer testified that he had performed the field sobriety tests utilizing printed instructions from which he read, appellant insisted that the time the officer reported for conducting the horizontal gaze nystagmus test was insufficient to properly administer the test. Moreover, according to appellant, he actually passed the one-leg stand and did not perform that badly on the walk and turn. Absent the results of these tests, appellant contends, the officer did not have probable cause to arrest him.
 {¶ 29} If we credit the arresting officer's testimony, he performed the field tests in strict compliance with standardized procedures and there is no Holman question. Even if we were to accept appellant's assertion that some of the field sobriety tests were flawed, looking at the totality of the remaining circumstances, it is undisputed that appellant smelled of an alcoholic beverage. His eyes were red and glassy. Although the beer in the truck was unopened, he admitted consuming an alcoholic beverage. The officer had just observed him turning without a signal and driving at excessive speeds. Accordingly, appellant's second assignment of error is not well-taken.
 III. CALIBRATION IRREGULARITIES {¶ 30} Appellant's remaining assignment of error relates to a purported irregularity in the calibration testing performed on the BAC Datamaster upon which his breath testing was conducted. Appellant maintained that because of what he characterized as the unusual disposal of certain calibration test solutions used to confirm the BAC Datamaster's internal calibrations, it was possible that the machine had failed calibration about the time of his test. This failure should be afforded greater weight, appellant argued, because police had failed to document this failure.
 {¶ 31} Appellant's assignment of error is based on speculation only. At the suppression hearing on this issue, two BAC Datamaster senior operators from the Ohio Highway Patrol testified that the Fulton County machine was checked for calibration the week before and the week after appellant's test was administered and in both instances the machine registered well within the margin of compliance. Neither officer could explain why the test solution would be destroyed, but both explained that procedures require that a calibration failure be documented. The absence of such documentation of failure, the officers testified, meant that there was no failure. Moreover, the officers presented the documented results of calibration for several weeks around appellant's test, none of which were out of tolerance. On this evidence, we cannot say that the trial court erred in denying appellant's motion to suppress. Accordingly, appellant's final assignment of error is not well-taken.
 {¶ 32} On consideration whereof, the judgment of the Fulton County Court, Western Division, is affirmed. Costs to appellant.
Judgment Affirmed.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J. and Arlene Singer, J., concur.