OPINION
{¶ 1} Defendant-Appellant, Brian Johnson, appeals from the judgment of conviction and sentence entered after his no contest plea and finding of guilt for one count of Driving Under the Influence in violation of R.C.4511.19(A)(1). A timely Notice of Appeal was filed, and on April 14, 2004, counsel for Appellant filed a brief pursuant to Anders v.California (1997), 388 U.S. 924, indicating that the within appeal was wholly frivolous. However, in said brief, counsel for Appellant raised one potential Assignment of Error.
 {¶ 2} Thereafter, on July 9, 2004, counsel for Appellant filed a Motion to Withdraw as Counsel, and filed a certification wherein he certified that Appellant was notified of his right to file a pro se brief. Although Appellant has been duly notified, no pro se brief has been filed. We now turn to Appellant's potential Assignment of Error.
 I. {¶ 3} "The trial court committed harmful error in denying the defendant-appellant's motion to dismiss."
 {¶ 4} In his proposed Assignment of Error, Appellant asserts that the trial court abused its discretion in failing to dismiss the DUI charge for the following reasons: (1) the officer lacked a reasonable, articulable suspicion necessary to effectuate a traffic stop; and, (2) the evidence regarding Appellant's alcohol intoxication should have been suppressed due to the fact that the officer was in violation of R.C.2935.03 at the time of the arrest. Because we conclude that the officer had a reasonable, articulable suspicion to effectuate a traffic stop, and the officer did not violate 2935.03 in pursuing and arresting the Appellant, we affirm.
 {¶ 5} The facts which give rise to this matter are as follows: on October 26, 2003, at approximately 3:30 A.M., Officer Phillips of the Heath City Police Department, was on routine patrol on Hopewell Drive in the City of Heath. While on patrol the officer observed a vehicle traveling in excess of the posted speed limit. The officer activated the cruiser's radar unit and clocked the Appellant's speed at 10 miles per hour over the 50 mile-per-hour posted speed limit. After observing the violation, the officer initiated a pursuit of Appellant's vehicle. Due to the oncoming traffic, the officer was not able to safely catch up to the Appellant's vehicle until the vehicle was approximately 1.7 miles outside the Heath City limits.
 {¶ 6} Upon reaching Appellant's vehicle, the officer activated his emergency lights, thereby signaling Appellant to pull over. The Appellant continued to travel along the roadway, eventually turned into his driveway, pulled into his garage, exited his vehicle and attempted to enter his house. Upon exiting the vehicle, the officer observed the Appellant to be under the influence of alcohol. The officer then administered a breathalyzer test, which indicated that Appellant had a blood alcohol level of .212. The officer cited Appellant for speeding, in violation of the Heath City Ordinance, ORD 333.03, and placed him under arrest for Driving While Under the Influence of Alcohol, in violation of R.C. 4511.19.
 {¶ 7} Appellant pled not guilty and moved to dismiss the charges and suppress the evidence of intoxication on the grounds that (1) the officer lacked reasonable suspicion for the traffic stop and, (2) the officer was outside his territorial jurisdiction when the arrest was made in violation of R.C. 2935.03. After the trial court denied the motion to dismiss, Appellant changed his not guilty plea to one of no contest to a violation of R.C. 4511.19(A)(1), and the Court made a finding of guilty. On the State's motion, the charge of Speeding was dismissed.
 {¶ 8} In overruling the motion to dismiss, the trial court held that the officer had the requisite reasonable suspicion to effectuate an investigatory traffic stop of Appellant's vehicle. The Court also held that even if, at the time of the DUI arrest, the officer was in violation of R.C. 2935.03, a statutory violation by a law enforcement officer does not require the same protection of the exclusion of evidence as a constitutional violation. We agree.
 {¶ 9} When considering a motion to suppress, a trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. An appellate court must independently determine, without deference to the trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. State v.Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 10} In order to make an investigatory stop of a vehicle, a law enforcement officer need only have reasonable, articulable suspicion that an offense has been committed, not probable cause. State v. Bobo (1988),37 Ohio St.3d 177, paragraph two of the syllabus. "Reasonable suspicion means the officer `must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [or stop].' Bobo at 178, citing Terryv. Ohio (1968), 392 U.S. 1, 20-21.
 {¶ 11} R.C. 2935.03 sets forth the territorial jurisdiction in which an officer may effectuate an investigatory detention or arrest and states in pertinent part as follows:
 {¶ 12} (A)(1) "A sheriff, deputy sheriff, marshall, deputy marshall, municipal police officer, township constable, police officer of a township or joint township police district . . . shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision . . . in which the peace officer is appointed, employed or elected, a law of this state, an ordinance of a municipal corporation, or a resolution of a township."
 {¶ 13} R.C. 2935.03(D) permits a police officer to pursue, arrest, and detain a person outside his jurisdiction until a warrant can be obtained if all the following apply:
 {¶ 14} (D)(1) The pursuit takes place without unreasonable delay after the offense is committed.
 {¶ 15} (2) The pursuit is initiated within the limits of the political subdivision in which the peace officer is appointed, employed or elected or within the limits of the territorial jurisdiction of the peace officer.
 {¶ 16} (3) The offense involves a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable, pursuant to section 4510.036 of the Revised Code.
 {¶ 17} R.C. 2935.03(E)(3) states, in pertinent part, that in addition to the authority granted in 2935.03(A) and (B), a police officer . . . appointed, elected or employed by a municipal corporation, may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code Sections 2935.03(E)(1), on the portion of any street or highway that is located immediately adjacent to the boundaries of the municipal corporation in which the police officer . . . is appointed, elected, or employed.
 {¶ 18} In State v. Shuttleworth, this Court concluded that an officer could cite a defendant for an offense that had occurred adjacent to the officer's jurisdiction. State v. Shuttleworth (Sept. 19, 1999), Fairfield App. No. 99CA25, unreported. See also, State v. Davis, Hamilton App. Nos. C-030660 and C-030661, 2004-Ohio-3134; In State v. Black, the Court held that a police officer acted within his statutory authority in pursuing and stopping a defendant's vehicle, even though the officer did not immediately turn on his overhead lights upon initiating pursuit, and the officer was outside his territorial jurisdiction when he arrested defendant, where the pursuit was initiated within the limits of the officer's territorial jurisdiction for an offense for which points were chargeable, and the pursuit began without unreasonable delay, after the officer observed defendant's violation. State v. Black, Fulton App. No. F-03-010, 2004-Ohio-218.
 {¶ 19} Furthermore, evidence is not properly suppressed for a violation of R.C. 2935.03. The exclusionary rule has been applied only to violations of a constitutional nature. The exclusionary rule will not ordinarily be applied to evidence which is the product of police conduct violative of state law, but not violative of constitutional rights.Kettering v. Hollen (1980), 64 Ohio St.2d 232, 234-235, 416 N.E.2d 598,600; State v. Weidman (2002), 94 Ohio St.3d 501, 764 N.E.2d 997; See also, Stow v. Riggenbach (1994), 97 Ohio App.3d 661, 647 N.E.2d 246;State v. Filler (1995), 106 Ohio App.3d 731, 667 N.E.2d 54 (For court to invoke exclusionary rule, police conduct ordinarily must rise to level of constitutional violation.) In Ohio, a warrantless arrest in a DUI case is constitutional so long as, at that moment, the officer had probable cause to make the arrest. State v. Woodards (1966), 6 Ohio St.2d 14.
 {¶ 20} Upon review of the testimony presented at the suppression hearing, we find that competent and credible evidence supports the Court's finding that the officer had reasonable suspicion to stop Appellant for speeding, and the officer did not violate R.C. 2935.03 in pursuing the Appellant into the adjacent jurisdiction. The officer testified that he observed the Appellant commit a speeding violation within his territorial jurisdiction to which points were chargeable. The officer then effectuated Appellant's investigatory traffic stop in the adjacent jurisdiction, without unreasonable delay and issued a speeding citation. Upon effectuating a lawful traffic stop, the officer observed Appellant to be under the influence of alcohol and calibrated Appellant as having a blood alcohol level of .212, thereby developing probable cause for the DUI arrest.
 {¶ 21} Furthermore, even if the police officer, who stopped and arrested Appellant, was in violation of R.C. 2935.03, the misconduct would only have been a statutory violation, not a constitutional violation. Therefore, following State v. Weidman (2002), 94 Ohio St.3d 501,764 N.E.2d 997, evidence obtained as a result of the stop and arrest need not have been excluded.
 {¶ 22} The trial court did not abuse its discretion in overruling Appellant's motion to dismiss. Accordingly, we hereby overrule Appellant's potential Assignment of Error.
 {¶ 23} For the reasons stated herein above, we hereby affirm the judgment of conviction and sentence entered in the Licking County Municipal Court.
Boggins, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of conviction and sentence of the Licking County Municipal Court is affirmed.
Counsel's Motion to Withdraw is hereby granted.
Costs taxed to Appellant.