OPINION *Page 2 
{¶ 1} Appellant Jeffrey M. Vicarel challenges whether a Boardman Township police officer had probable cause to stop him for running a red light in Youngstown, and challenges the subsequent charge of operating a motor vehicle while intoxicated (OMVI) that arose from the traffic stop. The red light violation occurred at the intersection of Midlothian Boulevard and Market Street, on the border between the City of Youngstown and Boardman Township. Appellant was heading south on Market Street, drove through the intersection, and traveled into Boardman Township where he was stopped and eventually arrested for OMVI. Appellant is apparently trying to trigger the exclusionary rule in order to suppress the evidence in this OMVI case. Appellant argues that a Boardman Township police officer has no jurisdiction to make a traffic stop for a violation that occurred at an intersection that is primarily in the City of Youngstown, especially when the traffic light and the white stop line were actually located in Youngstown. He contends that the Boardman Township police had no authority to stop him and that there was no probable cause to support the OMVI evidence that was later obtained.
 {¶ 2} This argument has no merit for a variety of reasons, most important of which is a statute, R.C. 2935.03(E)(2), that specifically allows a township police officer to arrest and detain people for traffic violations that occur on all streets that border the township. The street in question is on the border between and forms the dividing line between the City of Youngstown and Boardman Township, and thus, the stop was legal. There was no reason to suppress any evidence, and the judgment of the trial court is affirmed. *Page 3 
 {¶ 3} Appellant was arrested on November 4, 2005, for driving through the red light at the intersection of Midlothian Boulevard and Market Street. Boardman Township Police Sergeant Ed McDonnell was driving on Midlothian, and saw the traffic light violation. The officer followed Appellant and stopped him a few blocks away near Jennette Drive in Boardman Township. The officer noticed a strong odor of alcohol, and asked Appellant to step from the car. Appellant was visibly weaving when he walked, and the sergeant called for another officer to administer field sobriety tests. Appellant failed the tests, and was taken to the Boardman Township Police Station. A blood alcohol test was administered, and Appellant registered .146 on the test. Sergeant McDonnell issued a citation for R.C. 4511.12 (failure to obey a traffic signal), and R.C.4511.19 (operating a motor vehicle while intoxicated). Appellant was 18 years old at the time.
 {¶ 4} The case was heard in Mahoning County Court No. 2. On January 17, 2006, Appellant filed what appears to be a general motion to suppress evidence in an OMVI case containing boilerplate language and no specifics. On March 9, 2006, Appellant filed a motion to dismiss for lack of jurisdiction, making the same argument he now asserts on appeal. This second motion was essentially another motion to suppress based on his interpretation that R.C. 2935.03(A)(1) gives a township police officer authority to arrest a person only for a criminal violation that occurs in the township. Appellant argued that the actual traffic violation occurred in Youngstown, not Boardman Township, because the painted white stop line for the southbound traffic on Market Street was located in Youngstown. Appellant argued that the traffic *Page 4 
violation occurred when he failed to stop at that line. From this, Appellant concluded that the traffic stop was invalid and that the evidence of OMVI should have been suppressed based on the illegal traffic stop.
 {¶ 5} The court overruled the motion to dismiss on May 30, 2006. The judge reasoned that the traffic violation started in Youngstown but continued into the Boardman Township part of the intersection. The court concluded that Boardman Township police could make a traffic stop for cars running the red light at that intersection.
 {¶ 6} Appellant entered into a plea agreement on August 10, 2006. The trial court issued its judgment the same day, accepting Appellant's plea of no contest to a violation of R.C. 4511.19(A)(1) and R.C. 4511.12. The court sentenced Appellant to 180 days in jail, with 177 days suspended, a $250 fine and 12 months of probation. This timely appeal was filed on August 18, 2006.
 {¶ 7} The parties have submitted what appears to be an App.R. 9(C) statement of the evidence, signed by both parties and the trial judge. The parties stipulate that Appellant was driving down Market Street on November 4, 2005, that he committed the red light violation, that the white stop line at that intersection is situated in the City of Youngstown, and that the traffic light violation was the only basis to support probable cause for the traffic stop. The parties also stipulated to an aerial photo that shows the border between Youngstown and Boardman Township at the intersection of Market Street and Midlothian Boulevard.
 ASSIGNMENT OF ERROR *Page 5 {¶ 8} "The trial court erred to the prejudice of the Defendant-Appellant in overruling his Motion to Dismiss."
 {¶ 9} Appellant's argument is that a Boardman Township police officer had no authority to stop him for running the red light because the violation occurred in Youngstown. Appellant contends that a township police officer only has authority to stop people for traffic violations occurring in the township, pursuant to R.C. 2935.03(A)(1), which states: ""(A)(1) A * * * police officer of a township * * * shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision * * * in which the peace officer is appointed, employed, or elected, a law of this state, an ordinance of a municipal corporation, or a resolution of a township."
 {¶ 10} Appellant presumes that the traffic violation was completed when he crossed the white stop line on Market Street while the traffic light was red. The white stop line for the southbound traffic on Market Street is in Youngstown. As a car travels through the intersection, it enters Boardman Township a little more than halfway into the intersection. Appellant contends that the white stop line is where a traffic light violation occurs, and he disobeyed the traffic law only while he was within the City of Youngstown. Appellant further argues that the evidence for the OMVI charge must be suppressed because there was no probable cause for the traffic stop in the first place, and thus, no reason for the officer to have noticed an odor of alcoholic beverage during the stop, no reason to conduct field sobriety tests, and no reason to take a BAC test. *Page 6 
 {¶ 11} Although Appellant presented his argument to the trial court in a motion to dismiss, the issue he actually discusses on appeal is whether evidence should have been suppressed due to lack of probable cause for a traffic stop. The standard of review with respect to a motion to suppress begins with a review of whether the trial court's findings are supported by competent, credible evidence. State v.Winand (1996), 116 Ohio App.3d 286, 288, 688 N.E.2d 9. This is the appropriate standard because, "`[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996), 112 Ohio App.3d 521,548, 679 N.E.2d 321, quoting State v. Venham (1994), 96 Ohio App.3d 649,653, 645 N.E.2d 831. Once the trial court's findings are accepted as true, the reviewing court independently determines, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standards. State v. Williams (1993),86 Ohio App.3d 37, 41, 619 N.E.2d 1141.
 {¶ 12} Appellant's argument is not persuasive for a variety of reasons. The argument fails first and foremost because R.C.2935.03(E)(2) specifically allows a township police officer to arrest and detain a person for running a red light on a street that borders the township. R.C. 2935.03(E)(2) states:
 {¶ 13} "(E)(2) A member of the police force of a township police district * * * may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code listed in division (E)(1) of this section, other than sections 4513.33
and 4513.34 of the Revised Code, on the portion of any *Page 7 
street or highway that is located immediately adjacent to the boundaries of the township police district * * *."
 {¶ 14} The statute refers back to Section (E)(1), which lists the following criminal violations: "any person found violating section4503.11, 4503.21, or 4549.01, sections 4549.08 to 4549.12, section4549.62, or Chapter 4511. or 4513. of the Revised Code * * *." The violation for which Appellant was stopped was that of disobeying a traffic signal, pursuant to R.C. 4511.12. This is included in the list of statutes for which a township police officer can detain and arrest a person when the violation occurs on a street bordering the township. Therefore, there is no question that the Boardman Township police officer who stopped Appellant had the authority to do so.
 {¶ 15} Second, Appellant is attempting to use the exclusionary rule in a situation to which it does not apply. Appellant is attempting to suppress evidence because a township police officer supposedly acted outside his statutory jurisdiction as set forth in R.C. 2935.03(A)(1), which states: "A * * * police officer of a township * * * shall arrest and detain, until a warrant can be obtained, a person found violating,within the limits of the political subdivision * * * in which the peace officer is appointed, employed, or elected, a law of this state, an ordinance of a municipal corporation, or a resolution of a township." (Emphasis added.) Yet, the Ohio Supreme Court, this Court, and many others have held that the exclusionary rule normally does not apply merely because a police officer detained or arrested someone beyond the jurisdictional boundaries of R.C. 2935.03(A)(1). "Where a law *Page 8 
enforcement officer, acting outside the officer's statutory territorial jurisdiction, stops and detains a motorist for an offense committed and observed outside the officer's jurisdiction, the seizure of the motorist by the officer is not unreasonable per se under the Fourth Amendment. Therefore, the officer's statutory violation does not require suppression of all evidence flowing from the stop." State v.Weideman (2002), 94 Ohio St.3d 501, 506, 764 N.E.2d 997. "[E]ven if the police officer, who stopped and arrested Appellant, was in violation of R.C. 2935.03, the misconduct would only have been a statutory violation, not a constitutional violation. Therefore, following State v.Weidman (2002), 94 Ohio St.3d 501, 764 N.E.2d 997, evidence obtained as a result of the stop and arrest need not have been excluded." State v.Johnson, 5th Dist. No. 04-CA-29, 2005-Ohio-485, ¶ 21. See also,State v. Marsh, 7th Dist. No. 04 BE 18, 2005-Ohio-4690; Stow v.Riggenbach (1994), 97 Ohio App.3d 661, 647 N.E.2d 246; State v.Taylor, 159 Ohio App.3d 629, 2005-Ohio-804, 824 N.E.2d 1057.
 {¶ 16} This Court's recent decision in State v. Marsh, 7th Dist. No. 04 BE 18, 2005-Ohio-4690, is instructive here. Marsh involved two police officers from the Village of Bridgeport who were investigating an incident one mile outside the village limits. The reason for the investigation was that a car was seen parked in the middle of the road with its lights off at night. Officers approached the car, found the defendant to be drunk, and charged him with driving while intoxicated. The defendant tried to suppress the evidence using essentially the same arguments Appellant uses in the instant appeal, but the conviction was upheld because the statutory violation of R.C. 2935.03(A)(1) was not a constitutional violation giving rise *Page 9 
to the application of the exclusionary rule. If it is not a constitutional issue when an officer operating outside his jurisdiction cites someone for drunk driving, there is no logical reason why constitutional issues are raised when an officer issues a citation for failing to stop at a traffic light.
 {¶ 17} Third, the record indicates that Boardman Township actually extends into the intersection where the red light violation occurred. Thus, the Boardman Township police had clear territorial jurisdiction to detain Appellant for running a red light at that intersection. The aerial map that is part of the stipulated record on appeal clearly shows that about one-fourth of the intersection of Midlothian Boulevard and Market Street is within Boardman Township. Appellant should have stopped his car on the Youngstown side of the street, but he disobeyed the red light and drove straight through it, into the Boardman side of the intersection. Despite Appellant's argument, the red light violation was not over the moment he crossed the white stop line, but rather, continued as he drove through the intersection into Boardman. Every moment he was in that intersection while the light was red violated R.C.4511.12 and created a danger to the traffic that had the right of way.
 {¶ 18} In conclusion, it is evident that the Boardman Township police had the statutory authority to cite Appellant for running a red light on a street bordering the township, pursuant to R.C. 2935.03(E)(2). Therefore, the judgment of the trial court is affirmed.
 Vukovich, J., and DeGenaro, P.J., concurs. *Page 1