[Cite as *State v. Jones*, 2014-Ohio-2763.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100300**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# SHIGALI JONES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-564481

**BEFORE:** S. Gallagher, P.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino, Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James Hofelich
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Shigali Jones appeals the denial of his motion to suppress. For the reasons stated herein, we affirm.

{¶2} Appellant was indicted on August 12, 2012, for trafficking in drugs, possession of drugs, and possession of criminal tools. All three counts contained a forfeiture of money in a drug case specification. At his arraignment, appellant entered a plea of not guilty.

{¶3} On January 9, 2013, appellant filed a motion to suppress, alleging an illegal and unconstitutional search and seizure. A hearing was held on the motion.

{¶4} At the hearing, testimony was presented establishing that as a result of a search warrant, the Cuyahoga Metropolitan Housing Authority ("CMHA") Police Department had received information from an informant that the informant could purchase roughly two grams of heroin from an individual. The informant agreed to order drugs from the individual, and a transaction was arranged on July 6, 2012. A description of the individual was provided, along with a description of the vehicle he would be driving and his location of travel. CMHA officers set up surveillance near the location for the drug buy, which was the area of West 65th Street, close to Madison Avenue.

{¶5} Det. Clinton Ovalle, who is in the crime suppression unit of the CMHA Police Department, testified that after he set up his position, he received information that the suspect was driving on Detroit Avenue and was about to make a turn onto West 65th Street. Det. Ovalle then observed other CMHA officers initiate a traffic stop of the

vehicle, which matched the informant's description. Appellant was the suspect in the vehicle.

{¶6} Det. Ovalle observed that there was an interview between the officers and appellant. Det. Ovalle heard over the radio that there was an odor of marijuana detected. Officer Blakemore arrived on the scene with a K-9 unit, and Det. Ovalle went to assist. Appellant was out of the car at this time.

{¶7} Sgt. Gregory Drew testified he went with Sgt. Schilling to the area of the arranged drug buy and received over the radio a description of the suspect's vehicle and location of travel. When Sgt. Drew first noticed the vehicle on West 65th Street, he heard loud music coming from the vehicle and initiated a traffic stop. Sgt. Drew stated it is a violation of city code to play music if it can be heard more than 100 feet from the vehicle. He indicated he initiated the stop because of the loud music and because the vehicle was identified as the vehicle of the individual transporting drugs. Sgt. Drew stated he heard the music as the vehicle drove past him and continued to hear the music as the vehicle drove probably over 100 feet away.

{¶8} As the overhead lights and sirens were activated, Sgt. Drew observed appellant reaching down under his seat. Sgt. Drew testified that Sgt. Schilling initiated a conversation with the driver and may have smelled marijuana coming from the vehicle. A K-9 unit that was in the area responded and was deployed to sniff the vehicle. Sgt. Drew observed the dog scratch on the driver's door, which was an indication for

narcotics, and the dog was placed inside the vehicle. At some point, the back hatch of the vehicle was opened and Sgt. Drew smelled the odor of burnt marijuana.

{¶9} Officer Kerry Blakemore, who is assigned to the K-9 unit for the CMHA Police Department, testified that he was in the area to provide backup assistance. He responded to the scene after other CMHA officers called and advised that they stopped the subject vehicle for loud music and smelled the odor of marijuana coming from the vehicle. He described his training with the dog and the dog's training with narcotics. He stated that the dog's indication when he is alerted to drugs is to scratch.

{¶10} When Officer Blakemore deployed the dog around the vehicle, the dog alerted on the driver's side door of the vehicle. Officer Blakemore then put the dog inside the car, and the dog alerted on the center console and the driver's side floorboard. Officer Blakemore then assisted in searching the vehicle.

{¶11} Det. Ovalle was advised that the dog got an indication of narcotics by the floorboard of the driver's seat. Det. Ovalle testified that he conducted a pat-down search of the exterior of appellant's clothing. While patting down the linings of appellant's legs near his feet, Det. Ovalle felt what was immediately apparent to him as narcotics in appellant's sock. Det. Ovalle retrieved the item, which was later determined to be just under two grams of heroin. Appellant was placed under arrest, and over $1,000 was recovered from his person.

{¶12} Sgt. Drew further testified that the CMHA Police Department has a mutual aid agreement with the city of Cleveland that provides certain jurisdiction to CMHA. He

further testified that all members of the CMHA SWAT team and crime suppression unit are sworn in as deputy sheriffs with Cuyahoga County and that the special deputy designation allows them to perform traffic stops and arrests anywhere in Cuyahoga County.

{¶13} Appellant testified that he was not playing loud music and that his radio was off because he did not want to draw attention to "riding dirty." He indicated that when the officer inquired of the loud music, he told the officer it was the vehicle in front of him. He testified that Sgt. Drew stated he smelled marijuana and that he was pulled from his car and searched. He claimed that two or three dogs searched his vehicle three times and that he was searched three times before Det. Ovalle arrived and performed a strip search on appellant, which entailed removing appellant's shoes. He admitted that heroin was recovered from his sock, that he was heading to the area for a drug transaction, and that money was recovered from his person that was counted as $1,375.

{¶14} The trial court denied the motion to suppress. Thereafter, appellant entered a no contest plea and was found guilty as charged. The trial court sentenced appellant to two years of community control.

{¶15} Appellant timely filed this appeal. This court issued a limited remand, upon which the trial court corrected the judgment entry to reflect the sentence of two years community control applied to each count individually and collectively.

{¶16} Appellant's sole assignment of error challenges the trial court's denial of his motion to suppress. In *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797

N.E.2d 71, ¶ 8, the Ohio Supreme Court set forth the following review standard for a motion to suppress:

> Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539.

{¶17} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Under *Terry*, a police officer may stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that the person stopped has committed or is committing a crime. *Id*. at 9. An investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the individual is engaged in criminal activity, including a

minor traffic violation. *See State v. Calimeno*, 8th Dist. Cuyahoga No. 98376, 2013-Ohio-1177, ¶ 35. Moreover, "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431, 665 N.E.2d 1091. Whether reasonable suspicion exists is based on the totality of the surrounding circumstances. *See State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7.

{¶18} In this case, CMHA officers received information from an informant who agreed to order drugs from an individual from whom he normally buys drugs. The informant provided a description of the individual and the vehicle he would be driving, and provided the route that the individual would be taking to deliver the drugs. After the controlled buy was arranged, a vehicle matching the informant's description was located driving into the area of the arranged controlled buy. According to Sgt. Drew, he heard loud music coming from the vehicle and he initiated a traffic stop.

{¶19} Appellant argues that the informant was not otherwise identified and there was no information showing he was a reliable informant. *See Maumee v. Weisner*, 87 Ohio St.3d 295, 299-300, 1999-Ohio-68, 720 N.E.2d 507. Even assuming that the information obtained from the informant relating  appellant to drugs could not form the

basis for the traffic stop because there is no evidence of independent corroboration by the police, the stop was justified nonetheless.[1]

{¶20} Sgt. Drew testified that he initiated the stop because the loud music was a violation of the city's ordinances. Sgt. Drew stated he heard the music as the vehicle drove past him and continued to hear the music probably over 100 feet away. Appellant was eventually cited for violating a city ordinance prohibiting loud music from a motor vehicle. *See* Cleveland Codified Ordinances 683.02.[2] This court has previously held that police officers have the "authority to stop [a vehicle] based on the loud music violation regardless of whether they were using that violation as a pretext to investigate further." *State v. Mitchell*, 8th Dist. Cuyahoga No. 94917, 2011-Ohio-477, ¶ 8; *see also State v. Dixon*, 8th Dist. Cuyahoga No. 64836, 1993 Ohio App. LEXIS 6003 (Dec. 16, 1993) (finding officers made a valid stop based upon the violation of an ordinance prohibiting loud music from a vehicle). Thus, the CMHA officers had authority to stop appellant's vehicle because they had a reasonable suspicion that he had violated a local

---

[1] We note that the trial court in its entry dated April 5, 2013, denied the motion to suppress, finding the informant provided "credible information." Nevertheless, there was no independent corroboration of this information by the police. The information provided by the informant would not support this stop standing on its own, but in conjunction with other factors, the stop was nonetheless valid.

[2] Cleveland Codified Ordinances 683.02 provides: "No person shall play any radio, music player or audio system in a motor vehicle at such volume as to disturb the quiet, comfort or repose of other persons or at a volume which is plainly audible to persons other than the occupants of said vehicle."

ordinance related to loud music. Although appellant claimed he was not playing loud music, this was a credibility issue.

{¶21} Where a stop is based upon a reasonable suspicion that a motorist has committed a traffic violation, an officer may detain the motorist only long enough to issue a warning or citation. *State v. French*, 104 Ohio App.3d 740, 747, 663 N.E.2d 367 (12th Dist.1995). However, if the circumstances attending a stop produce a reasonable suspicion of some other illegal activity, the officer may detain the motorist for as long as that new articulable and reasonable suspicion continues. *Id*. In determining whether a detention is reasonable, the totality of the circumstances must be considered. *Id*.

{¶22} Upon stopping appellant's vehicle, the officer detected the odor of marijuana and appellant was removed from the vehicle. The Ohio Supreme Court has held that "a police officer may order a motorist to get out of a car, which has been properly stopped for a traffic violation, even without suspicion of criminal activity." *State v. Evans*, 67 Ohio St.3d 405, 407, 618 N.E.2d 162 (1993), citing *Pennsylvania v. Mimms*, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), fn. 6. Further, the smell of marijuana alone by a person qualified to recognize the odor is sufficient to provide probable cause for a warrantless search of the vehicle. *State v. Moore*, 90 Ohio St.3d 47, 48, 2000-Ohio-10, 734 N.E.2d 804.

{¶23} The record herein reflects that a K-9 unit responded within minutes of the traffic stop and alerted to the presence of drugs. Even without a reasonable suspicion of drug-related activity, a lawfully detained vehicle may be subjected to a canine check of

the vehicle's exterior. *State v. Jones*, 4th Dist. Washington No. 03CA61, 2004-Ohio-7280, ¶ 24, citing *State v. Rusnak*, 120 Ohio App.3d 24, 28, 696 N.E.2d 633 (6th Dist.1997). Once a trained drug dog alerts to the odor of drugs from a lawfully detained vehicle, there is probable cause to search the vehicle for contraband. *State v. Davis*, 8th Dist. Cuyahoga No. 87964, 2007-Ohio-408, ¶ 40; *French* at 749. In this case, the dog alerted to drugs on the driver's door while being walked around the vehicle. Upon a search of the vehicle, the dog alerted to drugs on the center console and the driver's side floorboard.

{¶24} After reviewing the totality of circumstances, we find the CMHA officers had reasonable suspicion to investigate further and appellant's detention and the search of the vehicle was justified and did not violate the Fourth Amendment. Next, we consider the search of appellant's person.

{¶25} Det. Ovalle testified that after he was advised of the indication that narcotics were present in the vehicle, he patted down the exterior of appellant's clothing and felt an object in appellant's sock that was like a small, circular ball and was immediately apparent as narcotics. The item recovered was heroin. Det. Ovalle also testified that from his experience in recovering drugs, it was not unusual to recover contraband from the sock area of someone suspected of drug activity.

{¶26} Under *Terry*, an officer may conduct a minimally intrusive search for weapons when he has a reasonable belief that his safety or the safety of others is in danger. *Terry*, 392 U.S. 1 at 27, 88 S.Ct. 1868, 20 L.Ed.2d 889. "The right to frisk is

virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." *Evans*, 67 Ohio St.3d 405, 413, 618 N.E.2d 162. Under the plain feel doctrine, an officer conducting a lawful *Terry*-type search for weapons may seize nonthreatening contraband when its incriminating nature is "immediately apparent" to the searching officer through the sense of touch. *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

{¶27} Additionally, independent from a pat-down search for weapons, a search of a defendant's person for drugs may be justified under the exigent circumstances exception to the warrant requirement of the Fourth Amendment. *See State v. Moore*, 90 Ohio St.3d 47, 51-52, 2000-Ohio-10, 734 N.E.2d 804 (finding search of a defendant's person was justified where the officer smelled a strong odor of burnt marijuana emanating from the vehicle and on the defendant); *State v. Douglas*, 3d Dist. Marion No. 9-13-07, 2013-Ohio-4563. Under the exigent circumstances exception, "[b]ecause marijuana and other narcotics are easily and quickly hidden or destroyed, a warrantless search [of an individual's person] may be justified to preserve evidence. * * *." *Moore* at 52.

{¶28} The record in this case not only establishes that the officers could lawfully perform a pat-down search for weapons because they had reasonable suspicion to suspect that appellant was engaged in criminal activity, but also, that the officers had probable cause to search appellant's person for drugs. The record reflects that appellant was asked to exit the vehicle after the odor of marijuana was detected. The drug dog alerted to drugs on the driver's door, the driver's side floorboard, and the center console.

Appellant was the driver of the vehicle and was observed making a furtive movement as the vehicle was pulled over. Appellant's vehicle matched the description of that provided by the informant and he was pulled over in the area of the arranged drug buy. The search of appellant's person was justified by the totality of the circumstances and the facts as developed.

{¶29} The fact that no drugs were recovered from the vehicle does not change our analysis. The police established a reasonable articulable suspicion of criminal activity as well as probable cause that drugs might be recovered based on all the facts and circumstances. The fact that the drugs were ultimately found on appellant's person, rather than in the vehicle, is of no consequence.

{¶30} Finally, we find no merit to appellant's argument that the CMHA officer had no right to arrest him outside CMHA premises. Evidence was presented that the CMHA officers involved in this case are Cuyahoga County deputy sheriffs. This court has consistently recognized that CMHA officers who are also sworn as deputy sheriffs possess the authority to arrest within the county. *Cleveland v. Carson*, 8th Dist. Cuyahoga No. 100060, 2014-Ohio-608, ¶17; *State v. Moore*, 8th Dist. Cuyahoga No. 92829, 2010-Ohio-3305, ¶ 38; *State v. Banks*, 8th Dist. Cuyahoga No. 97299, 2012-Ohio-2304, ¶ 18.

{¶31} Further, even if the arrest, which occurred outside CMHA property, was not authorized by R.C. 2935.03(D), this would not provide a basis for the suppression of evidence. As this court has previously stated:

"Even if we were to accept the defendant's argument that his arrest occurred in the city of Cleveland, not on CMHA property, it would not form the basis for any relief. The exclusionary rule is only used to remedy violations of constitutional rights and not violations of state statutes. *See Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 234-235, 416 N.E.2d 598. The courts have held that a violation of R.C. 2935.03(D) does not rise to the level of a constitutional violation, thus precluding the suppression of evidence for that reason. *See State v. Riggenbach* (1994), 97 Ohio App.3d 661, 663, 647 N.E.2d 246; *State v. Coppock* (1995), 103 Ohio App.3d 405, 412, 659 N.E.2d 837; *State v. Bostwick* (Feb. 24, 2000) Cuyahoga App. No. 75124, unreported, 2000 Ohio App. LEXIS 657. Even had the facts precluded application of R.C. 2935.03, the court could not have granted the motion to suppress on that ground."

*State v. Fannin*, 8th Dist. Cuyahoga No. 79991, 2002-Ohio-6312, ¶ 9, quoting *State v. Paul*, 8th Dist. Cuyahoga No. 79596, 2002-Ohio-591, *5; *see also State v. Terrell*, 8th Dist. Cuyahoga No. 80676, 2002-Ohio-4913, ¶ 20, quoting *Paul*.

**{¶32}** Upon our review, we conclude that the CMHA officers conducted a lawful stop, search, and seizure of appellant. The trial court's decision to deny appellant's motion to suppress is affirmed. Appellant's sole assignment of error is overruled.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR