[Cite as *State v. Stewart*, 2020-Ohio-2720.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108701 |
| v. | : | |
| RONNIE A. STEWART, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 30, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-630427-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Assistant Prosecuting Attorney, *for appellee.*

Patrick S. Leary, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Ronnie Stewart appeals the denial of a motion to suppress that preceded his no contest plea to trafficking, carrying a concealed weapon, improperly handling a firearm in a motor vehicle, possessing a defaced firearm, and having weapons while under disability. The trial court imposed an 18-month

aggregate term of imprisonment, which was stayed pending this appeal. For the following reasons, we affirm.

{¶ 2} Stewart was involved in a "road rage" incident with another male ("witness"), at which time Stewart allegedly brandished a black, semiautomatic handgun. The witness immediately called emergency services, reported the incident, and followed the suspect for a brief distance. The witness also described the suspect as a heavily tattooed, Hispanic male driving a gold-colored Cadillac. The witness reported losing sight of the suspect's car, but a nearby patrol officer spotted it almost immediately. The officer initiated an investigatory stop based on the vehicle matching the reported description. Upon approaching the vehicle, the officer confirmed that Stewart, the sole occupant, also matched the description of the suspect that the witness provided dispatch.

{¶ 3} Initially, the officer asked Stewart for consent to conduct a brief search of the vehicle to look for the alleged firearm. Stewart declined the invitation. Shortly after initiating the investigatory stop, a second officer arrived. While the first officer discussed the situation with Stewart, at which time Stewart disclosed his history of felony convictions and admitted to being in the area where the "road rage" incident occurred, the second officer made contact with the witness, who confirmed the description provided by dispatch. Although the witness declined the opportunity to press charges for aggravated menacing, he confirmed that he saw someone, fitting Stewart's description and driving the same type and color of car as Stewart's, brandish a firearm after a near collision on the

four-lane divided roadway.  Stewart claimed that there was no "road rage" incident, but he could not explain why anyone would report him having been involved in one.

{¶ 4} After a brief discussion, the officers proceeded to conduct a probable-cause search of Stewart's vehicle based on the reliable report that Stewart had brandished a firearm that he was not entitled to possess.  Before the officers could search the vehicle, Stewart resisted the officer's orders to exit the vehicle, so the officers subdued and handcuffed Stewart as he sat in the driver's seat.  In frisking Stewart for weapons, one of the officers saw the semiautomatic handgun (of the same type described by the eyewitness) tucked under the driver's seat.  The officers also found a duffel bag on the front passenger floorboard.  The duffel bag contained 22 containers of marijuana.

{¶ 5} A motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71. Although appellate courts defer to the trial court's factual findings, the application of law to fact those facts is de novo.  *Id.*  The trial court's finding of facts in this case are undisputed.  Thus, we are only asked to review the application of those facts to the law under the de novo standard of review.

{¶ 6} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures.  *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).  An investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the

individual is engaged in criminal activity. *State v. Jones*, 8th Dist. Cuyahoga No. 100300, 2014-Ohio-2763, ¶ 17. "An officer may perform such a stop when the officer has a reasonable suspicion based on specific and articulable facts that criminal behavior has occurred or is imminent." *State v. Hairston*, 156 Ohio St.3d 363, 2019-Ohio-1622, 126 N.E.3d 1132, ¶ 9, citing *Terry*. Importantly, when an officer is "'justified in believing' that an individual may be 'armed and presently dangerous,' the officer may conduct a limited protective search of the individual for concealed weapons." *Id.*, citing *Terry* and *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). "The reasonable-suspicion standard is less demanding than the probable-cause standard." *Id.* at ¶ 10, citing *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989).

{¶ 7} Although Stewart claims that the search did not comport with the less demanding, reasonable-suspicion standard as articulated in *Terry v. Ohio*, that standard is not applicable to the facts underlying the search conducted in this case. Although the initial investigatory stop was based on the officer's reasonable suspicion that the then unknown driver of the gold-colored Cadillac had just committed a crime (the *Terry* standard), the officers did not immediately conduct a protective search of Stewart or his vehicle after initiating the stop as the constitutional standards would have permitted. *State v. Lozada*, 92 Ohio St.3d 74, 81, 748 N.E.2d 520 (2001), citing *Pennsylvania v. Mimms*, 434 U.S. 106, 110-111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). Instead, in the exercise of restraint and demonstrable patience, the police officers initiated the encounter through an open-

ended dialogue with Stewart and forwent the protective search authorized under *Terry* and its progeny. During this discussion, in which Stewart admitted that his felony record precluded his possessing a firearm, one of the responding officers contacted the witness who confirmed the descriptions of the Cadillac (including a window sticker and the approximate color of the vehicle) and of Stewart (a heavily tattooed, Hispanic male). That reliable description permitted the officers to conclude that Stewart was the suspect alleged to have brandished the firearm during the "road rage" incident.

{¶ 8} This implicates the automobile exception to the Fourth Amendment, which permits the warrantless search of an operational vehicle when the officers have probable cause to believe the vehicle contains evidence of a crime. *United States v. Tamari*, 454 F.3d 1259, 1264 (11th Cir.2006), citing *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999), and *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir.2005). Under the automobile exception, probable cause to search a vehicle exists, if under the totality of the circumstances, "'there is a fair probability that contraband or evidence of a crime will be found' in a vehicle." *Id.*, citing *United States v. Goddard*, 312 F.3d 1360, 1363 (11th Cir.2002).

{¶ 9} In general, or at the least a proposition of law accepted in light of Stewart's failure to argue otherwise, an eyewitness identification creates probable cause justifying the warrantless search unless the officer or governmental agent has reason to believe that the witness was lying, was unable to accurately describe

the underlying events or was somehow mistaken. *United States v. Doyle*, 720 Fed.Appx. 271, 276 (6th Cir.2018) (probable cause to arrest existed where the eyewitness reported the offender threatened a victim with a gun, and the police corroborated the witness's description and confirmed the owner of the vehicle the defendant was driving was a convicted felon), citing *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir.1999), and *Rainer v. Lis*, 6th Cir. No. 92-2436, 1994 U.S. App. LEXIS 2190, *2 (Feb. 7, 1994); *United States v. Charles*, 801 F.3d 855, 860 (7th Cir.2015) (911 dispatcher's report establishes beyond dispute that police officers had probable cause to believe that a defendant was carrying or had very recently carried a handgun he was not entitled to possess). Stewart does not claim that the officers lacked probable cause to search the vehicle based on the above automobile exception nor that the officers' reliance on the witness's story and descriptions were misplaced. App.R. 16(A)(7).

{¶ 10} In light of the fact that the police officers had reliable information from an eyewitness claiming to have seen Stewart brandish a firearm he confessed to not being able to legally possess, the officers had probable cause to search Stewart's vehicle for the evidence of the crime, including any container or area within the passenger compartment that could contain a weapon. *State v. Thomas*, 8th Dist. Cuyahoga No. 93918, 2010-Ohio-4132, ¶ 10. In order to effectuate that search, Stewart was lawfully detained. *State v. Caulfield*, 2013-Ohio-3029, 995 N.E.2d 941, ¶ 18 (2d Dist.). When Stewart was asked to exit the vehicle to permit the officers to conduct the lawful search, Stewart resisted. It was in this context

that Stewart was handcuffed, but at that point, he was not placed under arrest. Stewart was being detained while the officers attempted to conduct the constitutionally permitted search.

{¶ 11} It is on this point that Stewart claims his rights were violated. According to Stewart, the officers lacked probable cause to arrest him at that point in time solely based on the eyewitness's reporting of the crime and, therefore, the only basis for the subsequent search would be under the *Terry* reasonable-suspicion standard. Because the officers did not arrest Stewart before conducting the probable-cause search, as permitted under the automobile exception to the warrant requirement as discussed above, Stewart's argument is without merit. The less exacting *Terry* standard was inapplicable.

{¶ 12} Once the cursory search of the vehicle, permitted under the automobile exception, revealed the firearm and drugs, the officers had probable cause to arrest Stewart. The probable cause to arrest arose after the lawful searches revealed the evidence of the crime being investigated and the contraband that supported the trafficking charges. Thus, Stewart's claim that the lack of probable cause to arrest invalidated the subsequent search, is without merit — the arrest has no bearing on a warrantless search conducted under the automobile exception to the Fourth Amendment that justified the arrest.

{¶ 13} The automobile exception to the warrant requirement under the Fourth Amendment permitted the search of the vehicle. The police officers had probable cause to conduct a search of the vehicle based on the reliable information

provided by the witness and Stewart's confession to being a convicted felon. The trial court did not err in denying Stewart's motion to suppress the firearm and drugs seized through the search of the vehicle. Accordingly, we affirm the conviction.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR